Yanez v. The State.

NICOLAS YANEZ v. THE STATE.

In this case the evidence was held to be sufficient to sustain a conviction for assault with intent to kill and murder, under the Penal Code.

It is proper to inquire of a witness, before he is called to testify, what his testimony will be; and it would seem to follow that it is the duty of the witness to state what his testimony will be on points to which his attention is directed.

Where a defendant in a criminal case went to trial without any preparation of his defence, relying upon what a bystander told his counsel a certain person would testify in his defence, and such person, when called, failed to testify as expected, but corroborated the statements of the witnesses for the State, on a motion for a new trial it was held that defendant had not used proper diligence, and that he could not, therefore, allege surprise; and no intimation was made that the ruling would have been different if defendant had moved for a continuance, during the progress of the trial, instead of taking the chance of a verdict in his favor.

That defendant was too poor to give bail for his appearance, and had been confined in jail since the commission of the alleged offence, is no ground for a new trial, although proper to be considered, on a motion for a continuance, in connection with other circumstances, in excuse of defendant's failure to be prepared for trial.

Appeal from Cameron.   Tried below before the Hon. M. P. Norton.

Indictment of Nicolas Yanez, Sept. 17th, 1857, for assault with intent to kill and murder, upon the body of one Juan Gonzales, committed on the 23d day of August preceding.   Next day came the prisoner, with his counsel, and waived the time of service of a copy of the indictment, pleaded not guilty, was put upon his trial, and found guilty; the punishment being assessed at four years' confinement in the penitentiary.   Same day motion for a new trial, on the ground that the verdict was not sustained by the evidence.   On the 21st defendant filed another motion for a new trial, on same ground as the first, and further, as follows:—

2d. The defendant has not had a fair and impartial trial, for he says that he has been closely confined in the county jail of Cameron county from the 24th day of August, A. D. 1857, until he

was brought before the Court and arraigned for trial; that previous to his arraignment he had no counsel, because he was too poor to employ one, nor had he any friend to inquire for the witnesses who saw the affray between him and Juan Gonzales, and to properly prepare his defence; that when this defendant consented to proceed to trial, he believed that he could prove by Endelacio Trevinio and by Albert McLane that the said Juan Gonzales was committing great bodily injury upon the person of this defendant, with bricks, by throwing them at him, at and before he cut the said Gonzales; that E. J. McLane, the father of Albert McLane, informed Israel B. Bigelow, the counsel who had been assigned to this defendant, that the facts above stated could be proved by his son Albert, and it was for this reason that he proceeded to trial aforesaid; that upon the introduction of the two said witnesses, he was surprised by their testimony, from not being able to show the previous assault by the said Juan Gonzales upon this defendant, having been unable to see said witnesses previous to their testifying.

Further this defendant says that there were several persons present at the time of the affray and cutting with which this defendant is charged, and he verily believes, if suitable time be allowed him, he can find some of those persons who saw all of the circumstances connected with the offence charged, and he really believes that he shall be able to prove that the said Juan Gonzales commenced upon this defendant by menacing and abusive language towards this defendant in a public manner, and afterwards, and before the defendant in any manner assaulted the said Juan Gonzales, in a violent manner, by throwing against the person of this defendant, by which he caused this defendant great pain and danger of his life, and other circumstances attending the cutting of which this defendant is charged, and the provocation given this defendant by the said Gonzales; that none of the circumstances of the cutting were shown, except by the testimony of Juan Gonzales, who informed the Court that he was drunk at the time, and whose testimony was unequivocally contradicted by Endelacio Trevinio, the other witness for the State.

3d. There was not sufficient testimony to justify the jury in finding this defendant guilty of the intention to kill, in the absence of justifying circumstances. This defendant refers the Court to the accompanying affidavit of E. J. McLane, which is

42

made a part of this motion. (Sworn and subscribed by the defendant.)

The affidavit of McLane was as follows:—

That on the        day of September, 1857, and after Nicolas Yanez had been brought from the county jail into Court for trial, and when this affiant learned that Israel B. Bigelow had been appointed by the Court to defend the said Nicolas Yanez, when the said Bigelow was conversing with the said Yanez, as affiant supposes, about his defence, this affiant went to the said Bigelow and informed him that he could prove by Albert McLane, son of this affiant, that Juan Gonzales had assaulted the said Nicolas Yanez previous to the cutting, by throwing bricks against the person of the said Yanez, and this affiant says it was not until after his son had been summoned by the defendant, and had testified, that he learned he had been mistaken, and had misinformed the said Bigelow, attorney for the defendant.

Statement of facts as follows:—

The State called Juan Gonzales, who testified that the prisoner Yanez was the person who assaulted and cut him with a knife about the time laid in the indictment; that he saw the prisoner that day, and asked him to pay a dollar which he owed him, when prisoner took him by the hand and said "*toma*," (take it,) when he cut him. The cut is just above the left hip, and confined the witness to his bed for fifteen days, and he yet walks lame from it; gave the prisoner no provocation whatever, except to ask the prisoner to pay the dollar he owed him. Witness and Yanez were both drunk. Thinks he was most drunk.

Endelacio Trevinio, called for the State, testifies that he knows both parties, Yanez and Gonzales; that on the occasion when Yanez cut Gonzales, Gonzales was in the store where witness was clerk. Yanez was drunk, and had some words with Gonzales, when he took him by the hand and drew him out of the store on the sidewalk; that they wrangled there near an hour, when they got in front of a wall of the store, between the door, and when they passed it saw that Gonzales was cut. Witness did not hear Gonzales use bad language to prisoner, nor see him throw bricks at him; saw Gonzales have a brick in his hand after he had been cut; he did not throw it.

Albert McLane, called for the defence, testified that he saw the fight between Yanez and Gonzales, and saw Yanez cut Gonzales with a knife; did not hear Gonzales use bad language to Yanez; did not see Gonzales throw bricks at Yanez; did see

Gonzales have a brick in his hand after Yanez had cut him; did not throw the brick. Yanez was drunk; Gonzales was also drunk, but Yanez was most drunk.

Peter Nichols, called for the defence, testified that he knows the prisoner; has known him some six years; always considered him a quiet, peaceable man. Witness was Sheriff of Cameron county for the years 1850 and 1851, and made it his business to become acquainted with the Mexicans in his county; has not seen Yanez more than two or three times within the last four years; has not seen him at all in the last year.

There was no complaint as to the charge of the Court, which was full and plain. Motion for new trial overruled. Judgment, &c.

*I. B. Bigelow,* for appellant. I. It is insisted by the appellant, that the testimony does not sustain the verdict, inasmuch as it does not show a premeditated intention to kill; and that at most, the offence was but an aggravated assault.

Under the Criminal Code the punishment for an assault with intent to murder, with a bowie-knife or dagger, is confinement in the penitentiary from two to fourteen years; (see Penal Code, Art. 493;) while the punishment for murder, under some circumstances, may be as low as three years. (Penal Code, Art. 612.) Both offences are of the same character, and but slightly different in grade, and the proof which is required to establish the highest grade of offence, is also required to prove the lower. Does the record show that Yanez, in assaulting Gonzales, intended to murder him? It is submitted that it does not. No exhibition of the instrument used was made to the jury; nor any description of it given; and so in relation to the wound, the jury were not made acquainted with its nature or extent; none of the circumstances attending the affray were detailed, excepting by the witness Gonzales, who swore that he was drunk at the time; and upon whose testimony mainly the appellant was convicted; notwithstanding Gonzales' testimony disagrees in an important particular with that of Trevinio's, another witness for the State.

II. This offence is charged to have been committed by the appellant on the 23d day of August, at which time he was arrested and thrust into jail, where he remained without counsel until the day of trial.

Has the appellant in this case had that which is solemnly guarantied to every citizen, " a fair and impartial trial ?" It is respectfully submitted that he has not. If it be asked why the defendant did not apply for a continuance, it is answered by his motion, that from the information received from McLane respecting his son's testimony, the appellant and his counsel believed he did not require it, and it was in this that he was surprised.

*Attorney-General,* for appellee.

WHEELER, J. Two grounds are relied on for reversing the judgment. 1st. That the verdict was not warranted by the evidence. 2d. That the Court erred in refusing to grant a new trial, on the ground of surprise ; and because the defendant did not have a fair and impartial trial.

It appears by the evidence, that the assault was voluntary, and committed with deliberate design ; and there is the absence of any extenuating circumstance. Had it caused the death of the party assaulted, the crime would have been murder. (Penal Code, Art. 607, 608.) And that is made a criterion by which to determine the intent, and fix the guilt of an assault with intent to murder. (Id. 497.) Of course it must have been committed with an instrument capable of producing death, and in such manner as to evidence an intention to take life. The instrument is not described by the witnesses, otherwise than as a knife ; but that is an instrument capable of producing death. The injury appears to have been inflicted in a vital part, in a manner and under circumstances well calculated to induce the belief that the accused intended to take life. We think the evidence sufficient to warrant the verdict.

The alleged surprise consisted in relying on mistaken information as to what the witness McLane would testify. The surprise might have been avoided by inquiring of the witness himself, before announcing for trial. No sufficient excuse is shown for the want of diligence in obtaining testimony, or the failure to ask a continuance, if necessary, to obtain testimony material to the accused. Nor does it appear that there are other witnesses whose testimony is material to the defendant, and whose attendance may be procured upon another trial. No such witness is named in the application, and if there were such their affidavits

of what they would testify ought to have been procured, or their non-production accounted for.   That the defendant was confined in jail, in default of giving bail for his appearance to answer the charge, cannot be recognized as a legal excuse for the want of the requisite diligence in preparing for trial.   His inability to give bail may have been his misfortune ; but it is not a fault of the law or its officers.

It is not perceived that any right of the accused was denied him upon the trial ; or that there is any ground to apprehend that he had not a fair and impartial trial.   The record discloses no evidence of any want of fairness and impartiality in the conduct of the case ; and the conviction appears to have been in all respects legal and proper.   We are of opinion, therefore, that the Court did not err in refusing a new trial, and that the judgment be affirmed.

Judgment affirmed.