## M. C. Stapp *v.* The State.

1. MURDER — ASSAULT WITH INTENT TO MURDER. — The Code of this state enumerates murder among the offenses which include different degrees, and provides that, when a prosecution is for an offense consisting of degrees, the jury may find the defendant not guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment. And it further provides that every offense against the person includes culpable assaults with intent to commit such offense; and that every offense includes culpable attempts to commit the offense. *Held,* in view of these provisions, that an indictment charging a murder by violence includes, not only a charge of every inferior degree of culpable homicide, but also the charge of an assault with intent to murder.

2. SAME. — To sustain a conviction for an assault to murder, it is not necessary that, if death had resulted from the assault, the murder would have been of the first degree.

3. SAME — CASE STATED. — Deceased received from the accused a stab which, according to the evidence, was probably, but not inevitably, fatal. Two days afterwards the deceased died, but the death, according to the testimony, resulted solely from engorgement of the lungs caused by drunkenness and exposure. Accused was indicted and tried for murder, and convicted of assault with intent to murder. The indictment being good for a murder by violence, the charge to the jury adequate and correct, and the evidence sufficient, the conviction is sustained.

4. PUBLIC POLICY. — The legislative department of the government, not the judicial, determines the policy of statutes.

APPEAL from the District Court of Smith. Tried below before the Hon. M. H. BONNER.

The wound was inflicted on December 27, 1876, and Finley, the deceased, died in the afternoon of the 29th. The instrument used was a pocket-knife, which was thrust into the cavity of the abdomen, low down on the left side.

Dr. Oliver Morse, who was called to attend the wounded man, found him lying in a puddle of water in front of a drinking-saloon at Wenona, a railroad station in Smith County. The difficulty had occurred in the saloon two or three hours before the arrival of the doctor. He testified that Finley was drunk and nearly frozen when he reached him, and had previously been threatened with pneumonia. He had him removed into the saloon, and gave him stimulants until reaction was brought about; and the next day he had him hauled to his home, some six miles distant.

On December 29th, about three o'clock in the afternoon, Finley died. The doctor, however, attributed the death entirely to engorgement of the lungs, produced by intoxication and exposure, and the antecedent predisposition to pneumonia. Inflammation had not set in from the wound in the side. The doctor thought, however, that it would have resulted fatally. Such injuries were ordinarily fatal by reason of supervening inflammation.

According to the witnesses for the state there was no provocation for the assault, and those for the defense proved no adequate cause — though whisky appears to have been the "adequate cause" for the whole affair. The jury found the accused guilty of assault with intent to murder, and allowed him two years' service in the penitentiary.

The briefs on both sides are able and interesting, but too elaborate for full insertion.

*W. S. Herndon* and *L. A. Secrest*, for the appellant. Under an indictment for murder it is proper to charge upon the several degrees of homicide, but not to embrace other distinct offenses defined in the Code, and which offenses themselves include less degrees of crime. In other words, murder embraces all the degrees of homicide; it is the genus, and the degrees are the species.

An assault with intent to murder embraces the less de-

grees of aggravated assault, aggravated assault and battery, assault and battery, and simple assault. Article 2160, Paschal's Digest, excludes the idea that this offense can be included within that of murder. [To enforce this position, counsel collated articles 3095, 3096, 2115, 2159, 2160, 2161, and 2274, Paschal's Digest, and cited 6 Texas, 344, and 17 Texas, 517.]

The only opinion that even intimates that a person charged with murder may be convicted of an assault to murder is *Wilson* v. *The State*, 29 Texas, 244. The opinion of the court does not indorse such intimation; no such question was made in the case; and, properly analyzed, the *obiter dictum* will not bear the construction sought to be placed upon it.

In the case at bar the finding of the jury was contradictory. Having found that the defendant was not guilty of murder in the first or the second degree, the jury could not find him guilty of the intent to murder. Paschal's Digest, article 2152, reads: "If any person shall assault another with intent to murder," etc. Now, what character of murder is here contemplated? Is it murder of the first degree, or murder of the second degree, or is no distinction intended? What must a person intend to do to be guilty of this offense? If it be the intention to commit murder in the second degree, then the punishment for the intent may be higher than that for the commission of the offense itself. The attempt is punished by confinement in the penitentiary not less than two nor more than seven years, and murder in the second degree by such confinement not less than five years.

Again : the criterion in determining whether murder be of the first or of the second degree is by the intent. The former is known by the premeditation and formed design, and the marked intent to take life ; while the latter is known by the absence of such intent.

Is it not clear, then, that a person cannot be convicted of an assault with intent to murder unless it be shown that the murder he intended to commit was murder in the first degree? *Williams* v. *The State,* 43 Texas, 382 ; *Johnson* v. *The State,* 1 Texas Ct. App. 612 ; *Plasters* v. *The State,* 1 Texas Ct. App. 681 ; *Anderson* v. *The State,* 1 Texas Ct. App. 730 ; *Lockwood* v. *The State,* 1 Texas Ct. App. 752.

From the authorities just cited it would seem that the wicked intent is the essential ingredient in assaults with intent to murder ; and in all murder of the first degree by express malice the wicked intent must appear ; while in murder of the second degree there is an absence of formal design and previous intent to murder, and the evil intent and malice is implied or presumed from the facts and circumstances. Therefore an assault with intent to murder must be to commit murder by express malice, or murder of the first degree.

*Thomas W. Dodd,* of counsel for the state. The only question necessary to be considered is, Can a conviction for an assault with intent to murder be had under an indictment for the homicide?

What offenses are necessarily merged into every charge of murder? Murder includes within it assault, assault and battery, assault with intent to murder, and the different degrees of culpable homicide. Bishop says an assault is " an offense which forms a part of, and is included within, several others, as explained in the preceding volume. Thus in every battery there is an assault. So there is in every rape and in most murders, but perhaps not in every murder." 2 Bishop's Cr. Law, sec. 56.

All the minor offenses or steps accomplishing homicide are merged into a charge of murder ; and, if merged into the greater, what principle can be invoked against a conviction for any minor offense included within the greater,

provided the allegations are in a form to charge the minor offense?

"When offenses are included within one another, a party indicted for any one of them may be convicted of any lower one, unless the allegation is in a form which does not properly charge the lower; while, of course, if it is in such form, the want of allegation will be fatal to any verdict found for the lower." Bishop's Cr. Law, sec. 794.

This brings us to the only question involved in this case: Does the allegation in the indictment in this cause include the offense of which the appellant was convicted? Is the allegation sufficient to charge an assault with an intent to murder, or is it sufficiently comprehensive to allow the carving of that offense out of the offense alleged? The answer necessarily decides the only question in this case.

The charging part of the indictment is "that M. C. Stapp, a person of sound memory and discretion, * * * with force and arms, in and upon the body of one J. W. Finley, a reasonable creature in being, in the peace of God and of our said state then and there being, unlawfully, feloniously, willfully, and with malice aforethought an assault did commit, and that the said M. C. Stapp, with a certain knife of the value of one dollar, the said knife being then and there a deadly weapon, which knife he, the said M. C. Stapp, in his hand had and held, him, the said J. W. Finley, in and upon the body and limbs of him, the said J. W. Finley, then and there unlawfully, feloniously, willfully, and of his malice aforethought did strike and stab him, the said J. W. Finley, giving him, the said J. W. Finley, with the knife aforesaid, upon the body and limbs of the said J. W. Finley, divers mortal wounds of the depth of two and a half and three inches," etc.

We submit that the language of the indictment, just quoted, is a substantial compliance with our statutory definition of an assault with intent to murder. We insist (1)

that the words "malice aforethought" refer exclusively to the intent; (2) that from the use of a deadly weapon, in a manner likely to produce death, the law presumes the intent; (3) that from the infliction of mortal wounds with a deadly weapon the law presumes that the intent was to kill.

If either of these propositions can be sustained, then the necessary result follows that the conviction in this case was proper.

[The learned counsel proceeded, logically and forcibly, to demonstrate each of his positions, and concluded with a reply to those most insisted upon by counsel for the appellant.]

ECTOR, P. J. The defendant was indicted in the District Court of Smith County for the murder of one J. W. Finley. He was tried at the September term, 1877, of said District Court, and acquitted of the charge of murder, but convicted of an assault with intent to murder, and his punishment assessed at two years' confinement in the penitentiary.

He has assigned several grounds of error, the first of which is as follows:

"1. The court erred, in charging the jury upon the degrees embraced in the offense of murder, in this, that the court charged the jury that if they acquitted the defendant of the three degrees of homicide — murder in the first degree, in the second degree, and manslaughter — that then they could consider whether the defendant was guilty of assault to murder; and directing the character of the finding."

The District Court, in its charge to the jury, after correctly defining the several degrees of homicide — murder in the first degree, murder in the second degree, and manslaughter — proceeded to charge the jury as follows: "Should you not believe beyond a reasonable doubt that the

defendant is guilty of either murder in the first or the second degree, or of manslaughter, but should you believe beyond such a reasonable doubt that he is guilty of an assault with intent to murder, you should so find, and assess his punishment at confinement in the penitentiary not less than two nor more than seven years. In this event the form of your verdict will be, substantially, ' We, the jury, find the defendant not guilty of murder in the first or second degree, as charged in the indictment, or of manslaughter, but we find him guilty of an assault with intent to murder the said J. W. Finley, and assess his punishment at confinement in the penitentiary for ' ( here insert the time of punishment at confinement in the penitentiary, not less than two nor more than seven years, in your sound discretion)."

The main question to be determined in this case is, Can a defendant charged with murder be convicted of an assault with intent to murder?

The general rule at common law was that, when an indictment charged an offense which included within it another less offense, or one of a lower degree, the defendant, though acquitted of the higher offense, might be convicted of the less. This rule was subject to the qualification that, upon an indictment for a felony, the defendant could not be convicted of a misdemeanor.

The reason upon which this qualification rested in England was that, upon a trial for a misdemeanor, he had certain advantages, such as the right to make a full defense by counsel, to have a copy of the indictment, and a special jury, when the charge was a misdemeanor — rights not allowed at common law when the charge was a felony. 1 Bishop's Cr. Law, sec. 814; 1 Whart. Cr. Law, sec. 400; 2 Hawk. P. C., ch. 47, sec. 6; 1 Chitty's Cr. Law, 251; 1 Chitty's Cr. Law, 639. These were substantial privileges affecting the fairness of the trial itself.

In all these respects, in everything which pertains to the

fairness of the trial, the rights of the accused are as well protected in this country, on a trial for felony, as upon a trial for a misdemeanor, and, in some cases, better. And for this reason it has been held in New York, Vermont, New Jersey, Ohio, North Carolina, South Carolina, Arkansas, Michigan, and doubtless some of the other states, that, the English reason ceasing, the qualification of the rule itself ceased with it. Whart. Cr. Law, 400, and cases cited; 1 Bishop's Cr. Law, sec. 815.

Massachusetts, Virginia, Pennsylvania, and Tennessee have abolished it by statute. See Whart. Cr. Law, secs. 388, 400. And a like statute has been adopted in England, so that a person charged in England for any felony, when the crime charged includes an assault against a person, a conviction for an attempt to commit the offense charged may be had. 1 Vic., ch. 85, sec. 11.

In this state an assault with intent to murder is a felony. Our Code of Criminal Procedure provides that, "when a prosecution is for an offense consisting of degrees, the jury may find the defendant not guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment." Pasc. Dig., art. 3095.

"Art. 3096. The following offenses include different degrees: Murder, which includes all the lesser degrees of culpable homicide. 2. Maiming, which includes disfiguring, wounding, aggravated assaults and batteries, and simple assaults and batteries. 3. Arson, which includes every malicious burning made penal by law. 4. Burglary, which includes every species of house-breaking and of theft from a house. 5. Theft, which includes all unlawful acquisitions of personal property punishable by the Penal Code. 6. Every offense against the person which includes within it assaults with intent to commit said offense, when such assault is a violation of the penal law. 7. Every offense includes within it an attempt to commit the offense, when

such offense is made penal by law." It is evident that a proper construction of the above articles of our Code of Criminal Procedure must control this case.

After a careful examination and consideration of the briefs and oral argument of counsel, and the authorities cited, we believe that an indictment for murder includes an indictment for an assault with intent to murder. To hold otherwise would be to decide that murder is not an offense against the person. If it is an offense against the person, the 6th paragraph of article 3096 says in plain and unambiguous words that it includes within it assaults with intent to commit said offense, when such assault is a violation of the penal law.

Or, if murder is an offense at all, then, under paragraph 7 of the same article, it includes within it an attempt to commit the offense, when such offense is made penal by law.

This construction of article 3096 reconciles every paragraph in it. In the case of *Wilson v. The State*, 29 Texas, 240, where the defendant was indicted for murder, and there was a count in the indictment which also charged the defendant with cruel treatment to a slave, the verdict of the jury acquitted the defendant of murder and found him guilty of the cruel treatment, and assessed his punishment at a fine of $2,000. The prosecution relied upon paragraph 6 of article 3096, Paschal's Digest, to sustain the conviction.

Donley, J., in delivering the opinion of the Supreme Court, says: "The verdict does not find the defendant guilty of a homicide at all, and it is clear that the judgment rendered in this case is not warranted by the paragraph of the article just cited. The paragraph 6 of the same article provides that every offense against the person includes within it assaults with intent to commit said offense, when such assault is a violation of the penal law. If a case shall

arise in which a party has made an unlawful, felonious assault on another, inflicting a wound, and death follows the wounding, but from the evidence the jury are unable to say that the wounding caused the death, yet, if the evidence shall clearly satisfy them that the assault was made with the intent of taking life, a case may be presented authorizing the courts to punish for the assault with the intent to commit murder, upon the indictment charging the commission of the offense. The record, however, does not present such a case, and its discussion would be premature at this time. The jury do not find the defendant guilty of the offense alleged against him, nor do they find him guilty of an attempt to commit the offense. He is not found guilty of a felony, but of a misdemeanor.''

Defendant's counsel says this was only the opinion of Judge Donley, and decided nothing. This court fully concurs in the opinion expressed (in the case cited) by Judge Donley that a case may be presented, under an indictment for murder, authorizing the courts to punish for an assault with intent to murder.

This brings us to the consideration of the question as to whether the allegations in the indictment are sufficiently comprehensive to charge an assault with intent to murder. The indictment in this case is a good one for murder, and for an assault with intent to murder.

Our Criminal Code provides that ''whenever it appears, upon an indictment for assault with intent to murder, that the offense would have been murder had death resulted therefrom, the person committing such assault is deemed to have done the same with that intent.'' Pasc. Dig., art. 2150.

In the case of *Nicholas Yanez* v. *The State*, 20 Texas, 656, the appellant was indicted for an assault with intent to kill. Our Supreme Court say: '' It appears by the evidence that the assault was made voluntarily and committed

with deliberate design ; and there is the absence of any extenuating circumstances.   Had it caused the death of the party assaulted, the crime would have been murder ; and that is the criterion by which to determine the intent and fix the guilt of an assault to murder.   Of course it must have been committed with an instrument capable of producing death, and in such manner as to evidence an intention to take life.   The instrument is not described by the witnesses otherwise than as a knife ; but that is an instrument capable of producing death."

In the case at bar the injury appears to have been inflicted with deliberate design, and in a vital part, with a knife charged to be a deadly weapon, in a manner and under circumstances (as the jury doubtless concluded) well calculated to induce the belief that the accused intended to take life, and without any extenuating circumstances.   We think that the charge of the court upon the offense of an assault with intent to murder was sufficiently specific. Taking the charge as a whole, it was a clear and able exposition of the law applicable to the case, and was not calculated to mislead the jury.   The verdict of the jury was fully authorized by the evidence.

We do not agree with the defendant's counsel that the finding of the jury was contradictory.   The jury were, doubtless, unable to say from the evidence that the wounds inflicted by the defendant on the deceased caused his death, but were clearly satisfied that the defendant assaulted Finley with the intent to murder him.   Nor do we concur in the position taken by the defense, that a person cannot be guilty of an assault with intent to murder unless it be shown that the murder he intended to commit was murder in the first degree.

If the defendant was surprised by the charge of the court, we cannot relieve him.   He was called upon by the indictment to meet every offense included in it.   If the interpre-

tation given to the statute, both by the District Court and this court, is "an interpretation against public policy," the legislative department of the government is the one to go to to have the evil corrected. It is not the province of this court to determine whether a law is politic or impolitic.

The defendant has had a fair and impartial trial, and been ably defended both in the District Court and in this court; and we find no error that requires a reversal of the judgment.

The judgment of the District Court is affirmed.

*Affirmed.*