### COMMONWEALTH *vs.* LILLY ISMAHL.

Suffolk.    January 12. — 15, 1883.    FIELD & W. ALLEN, JJ., absent.

A count for maintaining a house of ill-fame, under the Pub. Sts. *c.* 101, §§ 6, 7, and a count for maintaining a disorderly house at common law, may be joined in one indictment; and it is not necessary to aver that the different counts are different descriptions of the same act.

At the trial of an indictment containing two counts, one, under the Pub. Sts. *c.* 101, §§ 6, 7, for maintaining a house of ill-fame, and the other, at common law, for maintaining a disorderly house, both of which relate to the same house and time, and the same acts done in said house, the defendant is not entitled to require the government to elect on which count it will go to the jury, although the evidence discloses but one series of facts or transactions.

INDICTMENT in two counts: the first count charged the defendant, under the Pub. Sts. *c.* 101, §§ 6, 7, with keeping and maintaining a certain common nuisance, to wit, a tenement used as a house of ill-fame; and the second count, at common law, charged her with maintaining a disorderly house, during the same times charged in the first count.

In the Superior Court, before the jury was empanelled, the defendant moved to quash the indictment for the following reasons, among others: "1. The matter set forth in said indictment is not sufficient in law, for that the indictment purports to be a presentment in two counts, whereas but one offence is set forth in what purports to be two counts. In the first count, so called, the offence charged is that of a common nuisance, and in the second count, so called, the defendant is charged with the same common nuisance at one and the same time. 2. Said indictment is void, for the reason that the indictment describes different offences dependent upon the same facts or transactions, without an averment that the different counts therein are different descriptions of the same acts." *Staples,* J. overruled the motion.

At the trial, the defendant, after the evidence was closed, asked the judge to rule that the government must elect on which of the two counts it would go to the jury, for the reason that the evidence showed but one state of facts or transactions, and both counts were dependent upon the same facts, and had relation to the same house and time, and the same acts done in said house. The judge declined so to rule, but ruled that the jury could only

convict the defendant on one of the counts, and that the whole evidence was before the jury, and they might apply the same to either of the counts to which they might find it applicable; and if they found either count proved by the evidence beyond a reasonable doubt, they might convict on such count, and in that case they must acquit her on the other.

The jury returned a verdict of guilty on the first count, and a verdict of not guilty on the second count; and the defendant alleged exceptions.

*G. E. Filkins & J. P. J. Ward,* for the defendant.

*G. Marston,* Attorney General, & *C. H. Barrows,* Assistant Attorney General, for the Commonwealth.

DEVENS, J.   The exceptions taken by the defendant are well settled by decisions, the authority of which we have no disposition to question.

There was no misjoinder of counts; as the offences charged therein were of the same nature, they might properly be included in one indictment.   *Commonwealth* v. *Kimball,* 7 Gray, 328.   *Commonwealth* v. *Davenport,* 2 Allen, 299.

Nor was it necessary to aver that the different counts were different descriptions of the same act.   The St. of 1861, *c.* 181, (Pub. Sts. *c.* 213, § 18,) was not intended to impose new restrictions upon the criminal pleader, but to enable him to join several counts describing different offences which could not be joined at common law.   *Commonwealth* v. *O' Connell,* 12 Allen, 451.   *Commonwealth* v. *Adams,* 127 Mass. 15.

Even if the evidence disclosed but one series of facts or transactions, and both counts had relation to the same house and time, and the same acts done in said house, the defendant could not of right demand that the prosecuting officer should elect on which of the two counts he would go to the jury.   Even if the presiding judge might properly in some cases confine the public prosecutor to a single count, it is a matter within his discretion, and the exercise of it cannot be here reviewed.   *Commonwealth* v. *Slate,* 11 Gray, 60.   If evidence had been admitted upon one count which legally could not be applied to the other, attention should have been called to it by a request for an instruction to that effect.   Every right of the defendant was preserved when the jury, having applied the evidence to one count,

and having found that it justified them in convicting the defendant thereon, were directed to treat it as having exhausted its force, and to return a verdict of not guilty upon the other *Commonwealth* v. *Edds,* 14 Gray, 406. *Exceptions overruled.*