Bradbury, C. J.
The defendant in error was indicted and tried in Rucas county for embezzlement. During the trial, which resulted in his acquittal, the prosecuting attorney excepted to certain rulings of the court of common pleas, which, being embodied in a bill of exceptions, he has brought to this court for review, by virtue of the provisions of section 7305, Revised Statutes.
*639 The record discloses that the defendant was employed as an agent by Hood Brothers Company, a firm located at Toledo in Rucas county, in this state, and engaged in selling “ either for cash or on the installment plan,” throughout Northwestern Ohio, “ rugs, lamps, albums, bibles, silverware,” and other house furnishing goods; that the goods to be sold were delivered to agents from the firm’s place of business in Toledo, to be used in canvassing for their sale; that at Toledo the defendant was employed by the firm on the 4th day of November, 1892, and certain goods delivered to him to be sold in Toledo; that he was to report to the firm every evening at 6 o’clock; that after canvassing Toledo for four days, he was sent to Fremont in Sandusky county, Ohio, there to canvass for the sale of the firm’s goods, taking with him the unsold goods that had been delivered to him for sale in Toledo; that for sales made at the latter place he was to report and account for to the firm, either in person or by letter, at Toledo, at the end of each week; that on November 11, 1892, the firm shipped from Toledo to him certain goods which he received at Fremont; that on the 12th of November (Saturday) defendant reported to the firm by letter, but sent no money, and that on the 16th the firm, at his request, again shipped goods to him at Fremont, which he received there; that the defendant failed to report to the firm on Saturday the 19th, but bn Monday the 21st caused a letter to be written and addressed to them stating that his sales for the past week were small and that he was discouraged,, but would await their further orders. The next day he absconded, went to Buffalo, N. Y., mailing while on the train the letter written the day before to the firm. The evidence tended to show that all of the goods he had received under his employment, except some small sales made while he remained in Toledo, had been sold by the defendant in Fremont, Sandusky county, and a portion of the money received for them spent there before the last mentioned letter was mailed to the firm, and a portion of it spent in Buffalo afterwards.
He was arrested in Buffalo, brought to Toledo, Rucas, county, Ohio, there indicted and placed upon trial for em *640 bezzlement. The indictment contained two counts, one charging the embezzlement of the goods, the other the embezzlement of the money produced by their sale, each count charging the embezzlement to have occurred in Rucas county. After the jury was impanelled | and sworn for the trial of the defendant, his counsel moved the court to compel the prosecuting attorney to elect upon which count of the indictment he would proceed to trial. The court, over the objection of the prosecuting attorney, sustained the motion, to which ruling the prosecuting attorney excepted, and thereupon elected to proceed with the trial on the count which alleged the embezzlement of the money.
Ordinarily, no doubt, the discretion of the trial court in compelling, or refusing to compel, the state to elect upon which of two or more counts in an indictment it will proceed to try the defendant, is not rev.iewable on error. Bailey v. State, 4 Ohio St., 440; Bish. Cr. Proc., 454; Commonwealth v. Sullivan, 104 Mass., 552. The cases in which this rule has been announced are quite numerous; in most, if not all of them, however, no substantial prejudice to the merits of either the prosecution or the defense was found to have 'resulted from the action of the court, and therefore they cannot be regarded as controlling in cases where substantial prejudice has followed from the ruling. The discretion of the trial court in this respect, as in most other instances of its exercise, should be deemed judicial and not arbitrary, and if the former, it is reviewable on error whenever it invades a substantial right. . Yanez v. The State, 20 Tex., 656; Commonwealth v. Manson, 2 Ashmead, 30; The People v. Costello, 1 Denio, 83; State v. Nelson, 14 Richardson (S. C.), 169; Ker v. People, 110 Ill., 627; Stockwell v. State, 27 Ohio St., 563-66-7. The authorities are quite uniform in maintaining the right of the prosecutor, where a single offense has been committed, to include a number of counts in one indictment, variously framed to meet possible contingencies that may arise in the introduction of the evidence. Upon this subject the following pertinent language is used b}r Wharton : “ Every cautious pleader will insert as many counts as will be necessary to provide for *641 ■every possible contingency in the evidence; and this the law permits.” Beasley v. The People, 89 Ill., 571; Commonwealth v. Andrews et al., 132 Mass., 263; State v. Smith, 24 West Va., 814; State v. Flye, 26 Me., 312.
The law permits this multiplication of the counts in an indictment, where each states, though with variations of detail, the same offense, to prevent that failure of justice which might follow, if the prosecution should be confined to a single count, and the proof should vary from the allegations of that count in some essential particular.
Upon the same principle, it would seem that where two similar, and closely allied, offenses arise from the same transaction, and each must be established, if at all, by substantially the same evidence, each should be permitted to be set forth, in separate counts, in the same indictment. People v. Satterlee, 12 Hun., 167; Hogan v. The State, 61 Ga., 43; State v. Fisher, 37 Kans., 404; Commonwealth v. Ismahl, 134 Mass., 201; State v. Scott, 15 S. C., 434; Ker v. The People, 110 Ill., 627 ; People v. Sweeney, 55 Mich., 586; Armstrong v. The People, 70 N. Y., 38. This course is pursued in this state in prosecutions for feloneous cutting, stabbing, or shooting. The approved practice is to charge in one count that the act was done with intent to kill, and in a second count that it was done with intent to wound, and the prisoner is convicted, if at all, on that count which corresponds to the intent established by the evidence.
In the case under consideration the two offenses, charged in the indictment, grew out of one continuous and connected transaction, and upon whichever of the two counts the prosecution should proceed, evidence of the entire transaction would be admissible. The defendant, as the agent of Hood Brothers Company, had received from them from time to time goods to be sold, and if sold he was to account to them for their proceeds, or if not sold, then he was to account for them in specie; he absconded without any accounting whatever, and whether the transaction was, in law, an embezzlement of the goods or of their proceeds would, or might at least, depend upon evidence doubtful, or conflicting, or, as may well be conceived, upon the facts developed *642 by the examination of the state’s witnesses of which the prosecution had no previous knowledge, or even upon circumstances brought out by the witnesses for the defense, or by the defendant himself, should he choose to testify. Therefore, if the prosecuting attorney should be compelled to elect, prematurely, justice may be defeated by his inability to forecast the evidence.
We think the state, under such circumstances, may,, of right, insert in the indictment more than one count, in order to meet the possible varying phases of the evidence, and a right to insert separate counts implies a right to support them by testimony, for without the latter right the former would be of little value.
We are not to be understood as holding that the trial court should not, in any prosecution for embezzlement, compel an election between two or more counts in an indictment. The principles which govern the subject of election are equally applicable to all prosecutions.
In some instances the action of the court may be invoked after the evidence of the state has been presented and before the introduction of that for the defense begins. Stockwell v. The State, 27 Ohio St., 563-566-7.
But, at whatever period in the trial an election may be compelled, if it invades the rights of the prosecution, by narrowing the scope of the inquiry or limiting the effect of the evidence to narrower boundaries than the general rules of law warrant, the order constitutes a reviewable error.
In the present case, as we have already seen, the two counts of the indictment set forth two offenses closely allied, that grew out of the same transaction; whether the state proceeded upon one or the other of them, or upon both, the evidence of the entire transaction was admissible. By the order the state was forced to elect between the two counts, and it chose to proceed upon the one which alleged the embezzlement to have been of the money arising from the sale of the goods, and abandoned the one that charged the embezzlement of the goods. This, it is true, did not prevent the state iron introducing evidence of the entire and contin *643 nous transaction, but did limit the effect of the evidence; so that, if the evidence had ever so clearly established the embezzlement of the goods, nevertheless the defendant must have been acquitted.
To have permitted the state to proceed upon both counts, would not have prejudiced the merits of any legitimate defense that the defendant could interpose, but it did afford him an opportunity to escape conviction, though ever so guilty, if the prosecuting attorney should, in the imperfect state of his information, select that count of the indictment to which it was afterwards found that the evidence was not legally appropriate.
This we hold to be error.
2. The court of common pleas, at the request of counsel for the prisoner, charged the jury as follows: (1) “If you find that the defendant received and had this money in his possession in Sandusky county, and while it was so in his possession in Sandusky count}1-, he appropriated it to his own use, then I say to you that for such appropriation you cannot convict him in Rucas county.” (2) “If you find that the money, if any, received by the defendant was so received in Sandusky county, and that before leaving San-dusky county, the defendant formed the intention to convert it to his own use, and did so convert it, then I say to you that the act was committed in Sandusky county, and your verdict, as to so much of the money received and converted by him, must be for defendant.”
These two propositions, when considered together, announce the doctrine, that in prosecutions for the embezzlement of money, the offense is completed whenever and wherever the unlawful appropriation occurs, and that the venue must be laid in the county where the conversion, in fact, transpired, and no other. The act of appropriation is thus made the test of jurisdiction, to the exclusion of all other circumstances, however essential they may be to constitute the offense. No doubt the venue may be laid in the county where the money was actually converted to the defendant’s use. This is generally, if not universally, maintained by the text-writers, as well as by the courts, both in *644 England and in the United States. 6 Am. & Eng. Ency. of Law, 498; 1 Bish. Cr. Proc., 61.
And if the entire transaction constituting the embezzlement occurred in one county, only, the venue, as matter of course, should be laid therein. But if the transaction extended to different counties, the authorities generally hold that the jurisdiction of the county in which the act of conversion occurred is not exclusive. Cohen v. State, 20 Tex. App., 224; The State v. Small, 26 Kansas, 209!; 1 Bish. Cr. Proc., 61; Campbell v. State, 35 Ohio St., 70; Rex v. Taylor, 2 Leach,4th ed., 974; Reg. v. Murdock, 8 Eng. Law & Eq., 577; Queen v. Rodgers, 3 L. R. Q. B. Div., 28. The concurrent jurisdiction, in prosecutions for embezzlement, under certain circumstances, of other counties than the one in which the act of conversion occurred, is established by the foregoing authorities, and we are inclined to follow them. Therefore the exceptions are sustained to these propositions, which denied such jurisdiction.
At the conclusion of the evidence the prosecuting attorney requested the court to give to the jury the following instructions :
“If you find that the defendant was employed by Hood Bros. Co., in Lucas county, and that by the terms of his employment he was required to account and remit the proceeds of his sales to Hood Bros. Co., in Lucas county, and if you find that the defendant wrote a letter in Sandusky county, addressed to Hood Bros. Co., in Lucas county, which letter was.duly received by Hood Bros. Co., in Lucas county, that in said letter the defendant denied having sold any goods, or received any moneys for Hood Bros. Co.; and if you find that at the time he wrote said letter he had sold goods of Hood Bros. Co., and received money for Hood Bros. Co., in Sandusky countjq and had converted the same to his own use with intent to embezzle the same, then the venue is properly laid in this county, and he can be indicted and tried in this county for embezzlement.” The court refused the request, and the prosecuting attorney excepted thereto.
*645 We have already held, in this case that the jurisdiction of the county in which the conversion actually occurred is not exclusive. When, however, we come. to consider the circumstances that have been held sufficient to authorize the venue to be laid- in a county where the conversion did not occur, we can discover no settled principle running through the cases.
It would seem, upon principle, that unless some essential part of the transaction constituting the offense occurred within a county, venue could not be laid therein. In the case before us the contract of employment was made in Eucas county, and it was the duty of the defendant to account there, either by letter or in person. Is there not strong ground to contend that the contract, by which the fiduciary relation and the duty to account are created, is as essential a constituent of the offense as-the conversion of the money or property of the employer? This is held in ex parte Hedley, 31 Cal., 108. It is true that it is the act of conversion which gives to the transaction its odious and repugnant character, but proof of the contract establishing the relation is no less important than is proof of the conversion itself. It has been held that if the servant be found in the county where his master resides, and where it was the servant’s duty to account, and a demand is made on him to account, or if he is simply inquired of there concerning the money and says he is sorry, but has spent it, it will support the venue. Reg. v. Murdock, 2 Denn. C. C., 298. The crime may be complete without proof of a demand upon the servant or agent to account. Hollingsworth, v. State, 111 Ind., 289; State v. Mims, 26 Minn., 191. The money or property may have-been fraudulently converted, spent or wasted, and the offender liable to prosecution before a demand upon him had been made. There can be no doubt but that in the case under consideration the defendant became an embezzler as soon as he had fraudulently squandered a part of his employer’s money upon his female companion and absconded with her. No proof of a demand was necessary to procure his extradition; if so, he had placed himself beyond the reach of the law by his flight to *646 another state. If a demand was necessary to complete the offense of embezzlement, the offender could always prevent its completion by a. timely flight. Beyond doubt, if the agent, with his employer’s money in his pocket, should, upon demand, deny his receipt of it at all, or, admitting its receipt, refuse to account for it to his employer, or in any other way manifest his purpose to convert it to his own use, such conduct would constitute a conversion and complete the crime.
Where, however, the crime has been accomplished by the absolute and fraudulent conversion of the money or property of the employer to the use of the agent in one county, which, as we have seen, completes the offense, and gives that county jurisdiction, the principle is not apparent by which a mere demand made in another county, followed by a failure to account,- should clothe the latter county with jurisdiction. The crime rvas complete before the demand was made. This demand and the failure to account were simply evidence of it, and no reason is perceived why the admission or confession of a defendant, in cases of embezzlement, more than in other crimes, should authorize venue to be laid where the admission or confession was made. True, if there was no evidence, or not sufficient evidence, of a conversion elsewhere, the jury might infer that it occurred in the county where and when the demand was made, if it was the agent’s duty to account there. Brown v. State, 23 Tex. App., 214; Reg. v. Murdock, 2 Den. C. C., 298.
No case was cited by counsel, and none has fallen under our observation, wherein it has been held that a demand upon an agent and refusal or failure to account in aiijr other county than the one in which it was the agent’s, duty to account, was sufficient to sustain venue, if it appeared that he actually converted the money elsewhere. Courts in considering demands and failure to account as affecting venue, have, with a great deal of uniformity, laid stress upon the circumstance that they occurred in the county where it was the agent’s duty to account. Campbell v. The State, 35 Ohio St., 70. In this case last cited, this court held that, if in a prosecution for embezzlement, the defendant was *647 shown to have had the monéy of his principals in the county where it was his duty to account, it was no defense for him to show that he had expended the money in another county. Yet there can be no doubt that if he had absolutely and fraudulently converted the money to his own use in the latter county, venue could have laid there.
It is the defendant’s duty to account, together with his neglect or refusal to do so, that constitutes the fraudulent breach of duty. A demand at a place when and where he owes no duty is, of itself, not enough. The defendant’s obligation was to account to his employers at Toledo, in Rucas county. This obligation pressed upon him with equal force whether he was within or without the count3r; his refusal, neglect, or omission to discharge this duty, may be as clearly manifested by silence and the circumstance of his absence, or by letter, as by spoken words, unless there is some magic in personal presence. That the presence of the offender within the county, when a crime is committed, is not always necessary to give jurisdiction, is a settled principle. Norris v. The State, 25 Ohio St., 217.
In a late and well considered English case, it was held that the sending of a letter by the defaulting employe, from another county to his employers, and its receipt by them in the county where it was his duty to account, was sufficient to give jurisdiction. The Queen v. Rodgers, 3 L. R. Q. B. Div., 28.
The question is by no means free from difficulty, but we think the weight of authority as well as of reason, authorize us to hold that the making of the contract in Tucas county, the express duty it imposed upon the defendant to account weekly to his employers there, either in person or by letter, together with the fact that he did report to them falsely by letter, which they received, constituted such integral and essential parts of the transaction as entitle venue to be laid in Tucas county.
Exceptions sustained.
The' prosecuting attorney also requested the court to charge the jury that the making of the contract in Tucas county, the duty to account to his employers there, and his *648 failure to perform, his duty, were of themselves sufficient to give jurisdiction of the offense to Tucas county. Without passing upon the merits of this proposition, we think, upon the facts disclosed by the record, it was an abstract proposition, and upon that ground, if no other, the refusal of the court to give the proposition to the jury should be sustained.

Exceptions sustained.