COMMONWEALTH *vs.* ERNEST CORNELL.

Worcester.    October 14, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Practice, Criminal,* Verdict, Arrest of judgment. *Pleading, Criminal,* Indictment.

A verdict of not guilty on a count in an indictment charging the defendant with a violation of R. L. c. 208, § 98, in that he "did wilfully and maliciously administer" poison to "certain cattle belonging to" a certain person, is not inconsistent with a verdict of guilty on a second count in the same indictment charging the defendant with a violation of the same statute in that he "did wilfully and maliciously expose" poison "with intent that it should be taken or swallowed by cattle belonging to" the same person.

An objection that, in an indictment for a violation of R. L. c. 208, § 98, in exposing poison with intent that it should be swallowed by "cattle belonging to" a certain person, the word "cattle" is not sufficiently definite, even if it were a valid objection to the indictment, would not be a ground for arresting judgment after verdict, since it would be a cause existing before verdict which did not affect the jurisdiction of the court.

In an indictment charging that the defendant "did wilfully and maliciously expose certain poison . . . with intent that it should be taken or swallowed by cattle belonging to" a certain person, the word "cattle" is sufficiently definite to show a violation of R. L. c. 208, § 98, which in substance provides a penalty for administering or exposing poison with intent that it shall be taken or swallowed by "any horse, cattle or other beast of another person."

INDICTMENT, returned on August 17, 1910, in two counts, the first charging that the defendant "did wilfully and maliciously administer certain poison, to wit: — paris green to certain cattle belonging to Edward D. Leonard," and the second charging that the defendant "did wilfully and maliciously expose certain poison, to wit: — paris green, with intent that it should be taken or swallowed by cattle belonging to Edward D. Leonard."

R. L. c. 208, § 98, reads as follows: "Whoever wilfully and maliciously kills, maims or disfigures any horse, cattle or other beast of another person, or wilfully and maliciously administers or exposes poison with intent that it shall be taken or swallowed by any such beast, shall be punished by imprisonment in the State prison for not more than five years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than one year."

In the Superior Court the jury returned a verdict of not guilty on the first count and guilty on the second count. The defendant moved in arrest of judgment on the ground, in substance, that the verdicts on the two counts were inconsistent, and "that there is not any offense set forth in the second count in the indictment known to the laws of this Commonwealth." The motion was overruled, and on October 31, 1910, the defendant was sentenced to not less than three nor more than four years in the State prison, with one day of solitary confinement, and was committed. On November 29, 1910, the defendant appealed.

The case was submitted on briefs.

*J. S. Richardson,* for the defendant.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.

LORING, J. If the defendant exposed poison with intent that it should be swallowed but it was not swallowed by the cattle in question, the jury had to find a verdict of guilty on the second count and a verdict of not guilty on the first. There is no inconsistency between the two.

The other reason for arresting judgment was that "cattle" is not sufficiently definite. This was a cause existing before verdict not affecting the jurisdiction of the court and so not ground for arresting judgment. R. L. c. 219, § 38. *Commonwealth v. Monahan,* 170 Mass. 460.

It is not improper to add, however, that there is nothing in the objection. For while the word "cattle" may have been too indefinite under the black act, St. 9 Geo. I. c. 22, § 3, (*Rex v. Chalkley,* Russ. & Ry. 258) and at common law (*State v. Brookhouse,* 10 Wash. 87), it is not too indefinite under our criminal practice act. That act provides that a detailed description is not necessary (R. L. c. 218, § 17) and gives the defendant a right to a bill of particulars if the charge would not be otherwise fully, plainly, substantially and formally set out. R. L. c. 218, § 39. *Commonwealth v. Dill,* 160 Mass. 536. *Commonwealth v. Jordan,* 207 Mass. 259. Under that statute it is sufficient to charge this act in the words of the statute creating the crime. R. L. c. 208, § 98.

*Judgment affirmed.*