COMMONWEALTH vs. JOHN M. BURKE.

Suffolk.     October 3, 1960. — February 27, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS,
WHITTEMORE, & CUTTER, JJ.

*Practice, Criminal,* Double jeopardy, Verdict. *Pleading, Criminal,* Indictment. *Homicide.*

An indictment expressly charging murder also charged the offence of manslaughter necessarily included therein. [146]

Where, on an indictment for murder in the second degree, there was a full trial on the merits resulting in a verdict of not guilty of murder and a verdict of guilty of and sentence for manslaughter, and on an appeal by the defendant the judgment on the manslaughter charge was reversed by this court because of errors relating to evidence, the verdict of acquittal on the murder charge stood as a final adjudication thereof and was a bar to further prosecution thereof upon a new trial of the case. [148]

At a trial on an indictment for murder in the second degree, where the jury expressly returned a verdict of not guilty of murder and a verdict of guilty of manslaughter and the verdict was recorded "Guilty of so much of the indictment as charges manslaughter," the defendant under G. L. c. 278, § 12, was entitled to have the verdict of acquittal of murder recorded. [148–149]

INDICTMENT found and returned on November 19, 1957.

Following the decision of this court reported in 339 Mass. 521, reversing a judgment against the defendant, a question of law was reported by *Forte, J.*

*Angelo Morello,* Assistant District Attorney, (*Joseph A. McDonough* with him,) for the Commonwealth.

*Thomas E. Dwyer,* (*John J. White* with him,) for the defendant.

WILLIAMS, J.   This is an indictment charging that on September 28, 1957, at Revere in the county of Suffolk the defendant "did assault and beat one Marie F. Burke, with intent to murder her, and by such assault and beating did kill and murder the said Marie F. Burke." It contains the statement that "the defendant is guilty of murder in the

second degree and not in the first degree." At the trial
the judge instructed the jury that they would be warranted
in returning a verdict of guilty either of murder in the sec-
ond degree or of manslaughter, depending on whether they
found that the alleged assault was committed with malice
aforethought. When the jury reported they were asked
by the court, "What say you . . . . as to murder in the sec-
ond degree?" and the foreman answered "Not guilty in the
second degree." By order of the judge they were then
asked, "What is your verdict as to manslaughter?" and the
foreman answered "Guilty." The verdict was recorded
"Guilty of so much of the indictment as charges man-
slaughter." Sentence on the charge of manslaughter was
imposed.

The defendant appealed to this court in accordance with
the provisions of G. L. c. 278, §§ 33A–33G. We reversed
the judgment and set aside the verdict because of the er-
roneous admission of evidence harmful to the defendant.
*Commonwealth* v. *Burke,* 339 Mass. 521. Thereafter the
defendant filed a pleading entitled "Plea in Bar" in which
he pleaded autrefois acquit to so much of the indictment as
charged murder in the second degree and moved that "the
Commonwealth be ordered to prosecute said indictment on
the charge of manslaughter and/or assault and battery."
See *Commonwealth* v. *Devlin,* 335 Mass. 555, 566. After a
hearing on the plea a judge of the Superior Court reported
the case to this court for decision as to whether on a sub-
sequent trial of the indictment the defendant should be
"tried on the full indictment; to wit, murder in the second
degree, or is the prosecution limited to so much of the in-
dictment as alleges manslaughter." G. L. c. 278, § 30A.

It is a fundamental principle of the common law that a
person cannot twice be put in jeopardy for the same of-
fence. *Commonwealth* v. *Roby,* 12 Pick. 496, 502. *Com-
monwealth* v. *Anthes,* 5 Gray, 185, 207. *Commonwealth* v.
*McCan,* 277 Mass. 199, 201. This principle is embodied in
the Fifth Amendment to the United States Constitution in
the form "nor shall any person be subject for the same

offence to be twice put in jeopardy of life or limb.'' There is no similar provision in the Constitution of this Commonwealth but the principle is recognized in G. L. c. 263, §§ 7 and 8. ''Section 7. A person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits; but he may plead such acquittal in bar of any subsequent prosecution for the same crime, notwithstanding any defect in the form or substance of the indictment or complaint on which he was acquitted. Section 8. If a person has been acquitted by reason of a variance between the indictment or complaint and the proof, or by reason of a defect of form or substance in the indictment or complaint, he may be again arraigned, tried and convicted for the same crime on a new indictment or complaint, notwithstanding such former acquittal.'' These provisions are intended ''to define and determine, as far as may be, the cases in which a former acquittal shall, or shall not, be a bar to a subsequent prosecution for the same offence.'' *Commonwealth* v. *Cabot,* 241 Mass. 131, 154. *United States* v. *Ball,* 163 U. S. 662, 668–669. The defendant was tried on an indictment in which he was expressly charged with murder in the second degree and incidentally with the lesser offences necessarily included in the description of the crime alleged. On this indictment he could properly be found guilty of manslaughter. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 572–573. See *Commonwealth* v. *Drum,* 19 Pick. 479; *Commonwealth* v. *Hope,* 22 Pick. 1, 8; *Commonwealth* v. *Squire,* 1 Met. 258; *Commonwealth* v. *Lang,* 10 Gray, 11; *Commonwealth* v. *Dean,* 109 Mass. 349; *Commonwealth* v. *Crowley,* 167 Mass. 434, 442; *Commonwealth* v. *Clifford,* 254 Mass. 390, 392; *Commonwealth* v. *Novicki,* 324 Mass. 461, 467. If he had not appealed from his conviction of manslaughter his acquittal of murder would have been a bar to further prosecution for that crime. See *Commonwealth* v. *Squire,* 1 Met. 258, 264–265; *Morey* v. *Commonwealth,* 108 Mass. 433, 434–435; *Commonwealth* v. *McCan,* 277 Mass. 199, 203; *Commonwealth* v. *Mahoney,* 331 Mass. 510, 513, and cases cited.

The reversal of his conviction enabled the Commonwealth to bring forward the indictment to be retried, and raised the question reported by the judge as to whether on the retrial the defendant could be tried on the whole indictment or only for the lesser offence of which he had been convicted.

Where more than one crime is charged in an indictment the court may receive separate verdicts in respect to the different offences and enter separate judgments thereon. It was said in *Commonwealth* v. *Fitchburg R.R.* 120 Mass. 372, 380, that "It has long been the practice in this Commonwealth to charge several misdemeanors in different counts of the same indictment, and to enter verdicts and judgments upon the several counts, in the same manner and with the same effect as if a separate indictment had been returned upon each charge." In G. L. c. 277, § 46, which applies to both misdemeanors and felonies it is provided that "Two or more counts describing different crimes depending upon the same facts or transactions may be set forth in the same indictment if it contains an averment that the different counts therein are different descriptions of the same acts." The joinder of such counts is permitted although there has not been exact conformity with this proviso. See *Commonwealth* v. *Ismahl,* 134 Mass. 201, 202; *Commonwealth* v. *Jacobs,* 152 Mass. 276, 281; *Commonwealth* v. *Ryan,* 152 Mass. 283. In the case of separate counts it is settled that verdicts may be set aside as to one or more of the counts and "leave undisturbed verdicts as to other counts." *Barnett* v. *Loud,* 243 Mass. 510, 514–515. *Carlton* v. *Commonwealth,* 5 Met. 532, 534. *Commonwealth* v. *Nickerson,* 5 Allen, 518, 529. *Commonwealth* v. *Dyer,* 243 Mass. 472, 509–510. *Commonwealth* v. *Szczepanek,* 235 Mass. 411, 412. See *Commonwealth* v. *Edds,* 14 Gray, 406, 410; *Commonwealth* v. *Ismahl,* 134 Mass. 201, 202; *Commonwealth* v. *Lowrey,* 158 Mass. 18; *Commonwealth* v.

*Cornell,* 213 Mass. 135; *Commonwealth* v. *Dow,* 217 Mass. 473, 484; *Commonwealth* v. *Donovan,* 170 Mass. 228, 242; *Commonwealth* v. *Walsh,* 255 Mass. 317, 320; *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 356, for instances of the receipt of different verdicts on separate counts.

If the verdicts as to murder and manslaughter had been returned on separate counts there is no doubt that the verdict of acquittal would have stood as a final adjudication in favor of the defendant on the charge of murder. Since the two offences were as effectively charged as if set forth in separate counts, the verdicts must be dealt with separately and regardless of the reversal of the conviction of manslaughter the verdict of acquittal held to be a final adjudication that the defendant is not guilty of murder. It is provided in G. L. c. 278, § 12, "If a person indicted for a felony is acquitted by the verdict of part of the crime charged, and is convicted of the residue, such verdict may be received and recorded by the court, and thereupon the defendant shall be adjudged guilty of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly." This statute apparently contemplates a single verdict which in a case like the present would commonly be returned in the form "Guilty of so much of the indictment as charges manslaughter." We think that when as here two verdicts are received the statute should be construed as authorizing the recording of both verdicts. In *Commonwealth* v. *Stebbins,* 8 Gray, 492, 495, 496, where the defendant was charged with larceny of bank bills and a gold coin, the court allowed a verdict to be affirmed and recorded "Guilty, except as to so much of the indictment as relates to one gold coin; and not guilty as to so much thereof as relates to said gold coin." As a verdict has no effect in law unless it is affirmed and recorded (see *Commonwealth* v. *Green,* 302 Mass. 547, 557), the statutory pro-

vision entitles the defendant to have his verdict of acquittal validated by recording. See also *Commonwealth* v. *Fischblatt,* 4 Met. 354, 355.

We recognize that there is substantial disagreement among the State courts as to whether, on an indictment similar to the one we are considering, after the defendant has obtained a reversal of a conviction for a lesser included offence, he can thereafter be retried on the entire indictment. See *Green* v. *United States,* 355 U. S. 184, and cases collected in footnote page 216; annotation, 61 A. L. R. 2d 1141. Advocates of the right of retrial generally argue that the verdict is indivisible; that by his appeal the defendant on a new trial must be held to have waived the defence of double jeopardy; or that he is not put in double jeopardy for the reason that his original jeopardy continues. The opposing view is adequately presented in *Stuart* v. *Commonwealth,* 28 Grat. 950, *Johnson* v. *State,* 27 Fla. 245, and *State* v. *Tweedy,* 11 Iowa, 350.

In view of our holding that the defendant's acquittal is independent of and unaffected by the verdict of conviction and the appeal therefrom, we need not discuss questions presented by the *Green* and similar cases. The defendant has been acquitted on the "facts and merits" and is entitled to have the verdict of acquittal recorded. We see no reason to deprive him of the benefits attaching to his acquittal. His plea in bar should be sustained.

*So ordered.*