CASE 13—PETITION ORDINARY—DECEMBER 12.

## Tucker, &c., vs. Phillips.

APPEAL FROM HART CIRCUIT COURT.

1. The statute relating to forcible entries and detainers does not affect the common law right of entry, when exercised in a peaceble manner, except so far as the statute itself furnishes a remedy to regain the possession. A person having the right to enter, who makes an entry in pursuance of that right, can only be removed by a writ of forcible entry and detainer. (7 *J. J. Mar.*, 604.)

2. A party cannot maintain an action to recover land on a mere naked possession, where the defendant who enters and ousts that possession has a legal right to enter thereon. It is only where the defendant enters tortiously and without authority, that a plaintiff can maintain an action against him on such prior possession. The principle is, that possession is *prima facie* evidence of title, and that, consequently, he who is in possession may, by proof of that fact alone, maintain an action against a defendant who has deprived him of that possession wrongfully. Having the possession, he has a right to retain it against every one except the person who is legally entitled to it.

3. Defendant and A. claiming a tract of land jointly, were in possession by their tenant, who, being directed by A. to abandon the possession so far as he was concerned, surrendered it to the plaintiffs. Afterwards defendant entered and regained the possession. The plaintiffs sued to recover the land. Neither party exhibited any title except such as is conferred by possession. *Held*—That the plaintiffs could not recover.

A. HARDING, for appellants, cited 4 *Dana*, 406; 5 *Ib.*, 397; 11 *B. Mon.*, 98; 14 *B. Mon.*, 46.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by the appellants to recover a tract of land in the possession of the appellee.

The plaintiffs in the action claimed the land under the patent of Alexander St. Clair, but failed to show themselves invested with the title of the patentee.

They also claimed it under an alleged possession of twenty years; but they wholly failed to prove that either they or their ancestor, who purchased it from Spencer Griffin in the year 1820, had ever taken the possession of it, or had even entered upon it with that intention.

Unless, therefore, they had the possession of it at the time the defendant, Phillips, entered upon it; and unless his entry was tortious and without authority, they had no right to recover the land in this action.

The facts upon which the solution of these questions depend are as follows, viz : Phillips and Adair had a joint claim to the land; a man by the name of Vaughn was in the possession of it, holding it under Phillips. Vaughn gave the possession to his son, who, after he got into possession, made an agreement with Adair to hold it for him, and not to give up the possession to any person without an order from him. He afterwards refused to give up the possession to Phillips, but gave it to one of the plaintiffs, who put an old hoe in the house, declaring that he did it for the purpose of holding the possession of the premises; and having locked the door of the house, and posted thereon an advertisement warning all persons against cutting timber or trespassing on the land, he forthwith departed. A few days afterwards Phillips entered and took possession of the premises. At the time that Vaughn surrendered the possession to one of the plaintiffs, the latter presented him with the following communication from Adair:

" MR. FIELDING VAUGHN: The land of which you are in possession as tenant of Adair and Phillips, I hereby direct you to abandon the possession of so far as I am concerned, bearing in mind that I only claim one half of the land. So far as Wm. N. Phillips is concerned, I have no right or authority to direct you to abandon in his name.

" Respectfully, your friend,

" WILL. ADAIR."

Vaughn stated that he could not read writing, and that he

had surrendered the possession to Richard Tucker, one of the plaintiffs, under the belief that he had been directed by Adair, in the letter aforesaid, to give him the possession.

If, according to these circumstances, Richard Tucker is to be regarded as being in the actual possession of the premises at the time the defendant, Phillips, entered thereon, the former might have maintained a writ of forcible entry against the latter, because in such a proceeding the right to the possession cannot be inquired into; but the only question is, who had the actual possession at the time the entry complained of was made. (*Hunt vs. Wilson,* 14 *B. Mon.,* 46.)

But in an action like this, brought to recover the land itself, the question is not who had the possession when the defendant entered, but who, according to the facts proved, was entitled to the possession?

In an action of ejectment to recover the possession of land on a prior possession merely, the plaintiff could only recover when it appeared that he was in possession, and that the defendant entered upon and ousted his possession without title or authority to enter. (*Sowder, &c., vs. McMillan's heirs,* 4 *Dana,* 456.)

The statute relating to forcible entries and detainers does not affect the common law right of entry, when exercised in a peaceable manner, except so far as the statute itself furnishes a remedy to regain the possession. A person having the right to enter, who makes an entry in pursuance of that right, can only be removed by a writ of forcible entry and detainer. (*Tribble vs. Frame,* 7 *J. J. Marsh.,* 604.)

The question then is, had Phillips a right to enter upon the land under the facts stated? If he could have maintained an action against Richard Tucker, and recovered the possession from him, then he had a right to enter and take the possession. As Vaughn was the tenant of Phillips, and as Vaughn's son got the possession from his father, and Richard Tucker got it from the son, it is evident that none of them could have denied the title of Phillips in an action brought by him for the land. The law regards them as holding under him, and they are all estopped to deny his title. If Vaughn was the tenant of Adair,

as well as of Phillips, the latter could not be injured by the act of the former in directing their tenant to abandon the possession, so far as he was concerned. Vaughn still remained the tenant of Phillips, with all the duties and obligation which that relation imposed upon him.

If, therefore, the plaintiffs could succeed in this action, their right to do so would present the singular anomaly in legal proceedings of a right by the plaintiffs to recover the possession of land, in a case where, if they had the possession, the defendant could compel them to restore it to him, because they had acquired it from his tenant.

A party cannot maintain an action to recover land, on a mere naked possession, where the defendant who enters and ousts that possession has a legal right to enter thereon. It is only where the defendant enters tortiously and without authority, that a plaintiff can maintain an action against him on such prior possession. The principle is, that possession is *prima facie* evidence of title, and that, consequently, he who is in possession may, by proof of that fact alone, maintain an action against a defendant, who has deprived him of that possession wrongfully. Having the possession, he has a right to retain it against every one, except the person who is legally entitled to it.

Here neither party has exhibited any title to the land in contest, except such title as is conferred by possession. The possession being vacant, Phillips entered on the land, erected a house thereon, and put Vaughn into the possession thereof as his tenant. Vaughn put his son into possession; and whatever possession the plaintiff's had, they acquired from the latter. Neither Vaughn nor his son, whilst they had the possession, could have disputed Phillips' title to the land; and the plaintiffs, if they were in possession, would occupy precisely the same attitude.

Vaughn and his son may both be regarded as the tenants of Phillips and Adair. If either of them had abandoned the possession, with the assent of Adair, Phillips, in contemplation of law, would still have had the possession of the premises. And if, in that state of case, the plaintiffs had entered on the

land and obtained the possession of it, they could have been evicted by Phillips. But they obtained the possession from the tenant of Phillips without the consent of the latter, and also without the consent of Adair, who, although he directed his tenant to abandon the possession so far as he was concerned, did not direct him to surrender it to the plaintiffs. An abandonment of possession by Adair could not operate to the prejudice of Phillips, who, claiming the land jointly with him, and having possession thereof, would thereafter remain in the separate possession of the whole of it. A surrender of his possession by Adair to another person might, however, have entitled such person to hold the possession jointly with Phillips; but as no such surrender was made, it is unnecessary to decide what its effect would have been.

The instructions which were given by the court below to the jury were in substantial conformity with our views of the law of the case, as herein expressed.

Wherefore the judgment is affirmed.