WILLIAM G. WALSH *vs.* COMMONWEALTH.

Suffolk.     March 13, 1916. — May 15, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Clams. Practice, Criminal,* Sentence, Writ of error. *Pleading, Criminal,* Complaint. *Writ of Error.*

It is erroneous, upon a complaint under R. L. c. 91, § 113, charging the defendant with having taken clams within prohibited bounds and containing no averment of a previous conviction for a like offence, to impose a sentence for more than a first offence, although in fact there may have been previous convictions which, if averred and proved, would have warranted the imposition of a greater sentence.

The averment of a previous conviction of a certain crime is an essential part of the description of the crime of having committed a second or other subsequent crime of the same nature, and such an averment must be included in the complaint or indictment for the subsequent crime in order to support a sentence for the repeated offence.

The provision of R. L. c. 193, § 12, that, if a final judgment upon a criminal complaint is reversed by reason of error in the sentence, "such judgment shall be rendered . . . as the court below should have rendered, or it may be remanded for that purpose to said court," does not deprive this court of its power, when such error is disclosed and it is apparent that the defendant has suffered enough for the crime of which he was convicted, to reverse the judgment of sentence and discharge the prisoner.

Where, upon a writ of error, it was disclosed that a sentence directing the payment of a fine of $50 and ordering that the defendant stand committed until the fine was paid, was imposed upon a complaint for a violation of R. L. c. 91, § 113, in having taken clams within prohibited bounds, for which no fine larger than $10 should have been imposed, and that the plaintiff in error, after being imprisoned twelve days, paid the fine, this court, being of opinion that the petitioner in error had suffered enough for the crime committed, ordered the judgment of sentence reversed, that the petitioner in error be not remanded for further sentence, and that he be awarded a judgment for costs against the Commonwealth to be paid by the county in which he was convicted.

RUGG, C. J.   This is a writ of error to reverse a judgment of the Superior Court whereby the petitioner was sentenced upon a verdict of guilty on a complaint based on R. L. c. 91, § 113, charging him with having taken clams within prohibited bounds.   The complaint contained no charge of a previous offence.   The maximum fine permitted by § 114 for a first offence is a fine of not less than $5 nor more than $10.   The plaintiff in error, however, was sentenced to pay a fine of $50 and to stand committed until the fine was paid.   After being imprisoned twelve days, he paid the fine.   Inasmuch as the complaint contained no averment of a previous conviction for a like offence, the only sentence which lawfully could have been imposed upon his conviction was that authorized for a first offence.   Plainly, therefore, the judgment was erroneous, even though in fact there may have been a previous conviction which, if averred and proved, would have warranted the sentence imposed.   The averment of the previous conviction is an essential part of the description of the crime of having committed a second or other subsequent offence, which must be charged in order to support a sentence for the subsequent offence.   *Tuttle* v. *Commonwealth*, 2 Gray, 505.   *Commonwealth* v. *Harrington*, 130 Mass. 35.   *Commonwealth* v. *Walker*, 163 Mass. 226.

Manifestly the plaintiff in error has suffered enough for the crime of which he was convicted.   He has paid quintuple the fine which lawfully could have been imposed.   Apparently the only purpose of this proceeding is to obtain the reversal of an erroneous judgment.

It is contended, however, in behalf of the Commonwealth, that the only courses open upon reversal of the judgment are that "such judgment shall be rendered in the case as the court below should have rendered, or it may be remanded for that purpose to said court."   R. L. c. 193, § 12.   At first sight the language of the statute seems to support this contention.   Although "shall" is used, that word is not infrequently used in a permissive and not in a mandatory sense.   *Cheney* v. *Coughlin*, 201 Mass. 204, 211, 212.   That which is now § 12 of c. 193 was enacted first in St. 1851, c. 87, where the permissive word "may" was employed, and this word was continued in the subsequent revisions.   Gen. Sts. c. 146, § 16, and Pub. Sts. c. 187, § 13.   When the Revised Laws were compiled, two sections were combined in one and the section re-

cast. But there is no indication in the report of the commissioners or otherwise that any change of meaning was intended. It is a familiar principle that mere verbal changes in the revision of a statute, without indication that a modification of the meaning was designed, do not alter its signification. *Great Barrington* v. *Gibbons*, 199 Mass. 527. *Shawmut Commercial Paper Co.* v. *Brigham*, 211 Mass. 72. Before the enactment of any such statute, the only judgment possible on a writ of error in a criminal case was to reverse the judgment already entered and discharge the prisoner. *Plumbly* v. *Commonwealth*, 2 Met. 413, 418. *Shepherd* v. *Commonwealth*, 2 Met. 419. *Jacquins* v. *Commonwealth*, 9 Cush. 279. *Commonwealth* v. *Murphy*, 174 Mass. 369, 372. The statute was remedial in its nature. But it discloses no legislative purpose to curtail the power previously possessed by the court to discharge the prisoner entirely if justice should require it. It cannot be presumed that such was the intent of the Legislature.

Where the offence is trifling measured by the fine imposed by the statute, and where the prisoner already has paid all or more than all the penalty which lawfully could have been imposed, there appears no reason or justice in remanding the case to the Superior Court for further proceedings, and none has been suggested in argument. Apparently now no further judgment ought to be rendered. It is true that the plaintiff by the disposition to be made perhaps will escape without a record of conviction of a crime. See *Munkley* v. *Hoyt*, 179 Mass. 108. But that is not of sufficient consequence where the offence itself is purely statutory and of comparatively insignificant magnitude.

The plaintiff is entitled to his costs, to be paid by the county in which he was convicted, by the express terms of the statute. *Haynes* v. *Commonwealth*, 107 Mass. 194, 198.

Let the entry be

> *Judgment of sentence reversed. Petitioner not remanded for further sentence, but awarded judgment for costs against the Commonwealth to be paid by the county of Norfolk.*

*C. W. Rowley*, for the plaintiff in error.

*G. E. Adams*, Assistant District Attorney, for the Commonwealth.