COMMONWEALTH *vs.* JOSEPH A. GALLO.
(and two companion cases between the same parties).

Norfolk.   May 7, 1962. — June 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Practice, Criminal,* Double jeopardy, New trial.

Upon writ of error following conviction and sentence of the defendant on an indictment, a rescript by this court, after it had decided that the Superior Court had jurisdiction, reversing the judgment, setting aside the verdict, and remanding the case for further proceedings by reason of procedural error meant that the defendant could be, and should be, retried on the same indictment.   [454–455]

Where a defendant was convicted and sentenced on an indictment, and this court upon writ of error, after deciding that the Superior Court had jurisdiction, reversed the judgment, set aside the verdict, and ordered retrial of the defendant upon that indictment by reason of procedural error, participated in by the defendant's counsel, the retrial of the defendant did not place him in double jeopardy.   [455–456]

THREE INDICTMENTS found and returned on December 29, 1960.

Following the decision by this court in *Gallo* v. *Commonwealth*, 343 Mass. 397, the cases were reported by *DeSaulnier, J.*

*William P. Homans, Jr.* (*Walter Powers, Jr.* with him) for the defendant.

*J. Blake Thaxter, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J.   Following the decision in *Gallo* v. *Commonwealth,* 343 Mass. 397, which reversed the conviction of the defendant and remanded the cases for further proceedings, the indictments were set down for trial in the Superior Court.   The defendant entered pleas of autrefois acquit and autrefois convict, and moved that the indictments be dismissed on the ground that any further trial would place him in jeopardy for the second time.   See G. L. (Ter. Ed.) c. 263, §§ 7, 8; *Commonwealth* v. *DiStasio,* 297 Mass. 347, 352–355; *Commonwealth* v. *Azer,* 308 Mass. 153, 155–157; *Commonwealth* v. *Burke,* 342 Mass. 144, 145–147. The cases are reported without decision upon the indictments, a stipulation, and the pleas.   G. L. c. 278, § 30A, inserted by St. 1954, c. 528.

The stipulation is taken almost word for word from the earlier decision (pages 398–399).   The defendant was convicted on three indictments, respectively for armed robbery, for burglary being armed and making an assault, and for conspiracy.   He was sentenced on the first two, and the third was placed on file.   During the course of the trial, one of the twelve jurors became ill and was excused.   The defendant's counsel agreed to continue with eleven jurors. No written waiver of the right to be tried by a jury of twelve nor any written request for trial by the remaining members of the jury was signed by the defendant and filed with the clerk.   The judge informed the jury in open court that counsel agreed to proceed with eleven jurors.   The defendant brought writ of error.   We held that the Superior Court had jurisdiction to continue with the trial, but that the oral waiver was invalid under G. L. c. 234, § 26A, inserted by St. 1945, c. 428, § 1.   The rescript was, ''Judgments reversed.   Verdicts set aside.   Cases remanded to the Superior Court for further proceedings.''   This, without more, meant that the defendant could be, and should be,

retried on the indictments upon which there were convic-
tions reversed in the prior case.    *Giles* v. *Commonwealth*,
339 Mass. 410.

The grounds advanced by the defendant for escaping
trial are unsound.   He states in his brief, ''Although the
concept of fairness to the Commonwealth might well be out-
raged by a rule which would foreclose further prosecution
of a person whose conviction had been reversed because of
an erroneous instruction to the jury or because of the ad-
mission or exclusion of evidence, it is not, it is submitted,
unfair to the Commonwealth to protect the defendant
against repeated inconclusive trials, where he has had no
part in the error which caused termination of the first.''
Assuming that the defendant had no part in orally agree-
ing to a trial by eleven jurors, accuracy compels the state-
ment that his counsel did.   Moreover, the first trial was not
inconclusive.   It ended in the defendant's conviction, which
was reversed for failure to comply with the technical re-
quirements of a statute imposed for his benefit.   But en-
tirely apart from this fact we are clearly of opinion that
fairness to the Commonwealth and its people would be
grievously outraged by sending the defendant back to the
Superior Court for the sustaining of his pleas.   That the
prior conviction was set aside on writ of error does not
establish double jeopardy.   See *Commonwealth* v. *Murphy,*
174 Mass. 369, 371–372, affd. sub nom. *Murphy* v. *Massa-
chusetts,* 177 U. S. 155; *Commonwealth* v. *Burke,* 342 Mass.
144, 147; *Green* v. *United States,* 355 U. S. 184, 189.   Com-
pare *Commonwealth* v. *Azer,* 308 Mass. 153, 156; *Giles* v.
*Commonwealth,* 339 Mass. 410, 415.

The case falls within what was said by Chief Justice
Shaw in *Commonwealth* v. *Roby,* 12 Pick. 496, 502–503, in a
discussion of double jeopardy: ''So, after the jury is em-
panelled and charged with the prisoner, and progress made
in the trial, if through the death or sudden sickness of a
juror, the illness of the prisoner, or other case of urgent
necessity, the progress of the trial is interrupted, another
jury may be empanelled, and the prisoner again put upon

his trial. . . . These decisions cannot be regarded as a violation of the maxim under consideration, because, although in a certain sense it may be said that the prisoner was put in jeopardy by the first trial, yet the event has shown that there was no legal trial, and therefore that he was in no such jeopardy or danger of conviction as the maxim regards." The defendant merely presents another example of an illegal trial while in a court which had jurisdiction. *Commonwealth* v. *Murphy, supra,* 371.

The defendant's argument that the first trial was unjustifiably interrupted by relating back this court's holding in the prior case to February 17, 1960, when the ill juror was excused, is wholly untenable. The trial was not terminated by operation of law as in *People ex rel. Meyer* v. *Warden of the Nassau County Jail,* 269 N. Y. 426 (see *People* v. *Ercole,* 4 N. Y. 2d 617, 621). It continued to conviction but was infected by procedural error. Reversal because of this error was not a termination on February 17, 1960, by a fictional relation back.

The pleas of autrefois acquit and autrefois convict are to be overruled.

*So ordered.*