JAMES MCHOUL, JR. *vs.* COMMONWEALTH.

Suffolk.    April 1, 1974. — June 12, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Error, Writ of.  Practice, Criminal,* Sentence, Probation.  *Constitutional Law,* Double Jeopardy, Due process of law.

This court, in its discretion, considered constitutional challenges, raised by a petition for a writ of error, to unappealed sentences of imprisonment imposed on the petitioner for certain offences upon revocation of his sentence to a term of probation therefor. [468]

The double jeopardy clause of the Fifth Amendment to the United States Constitution was not involved in the case of a defendant whose sentence to a term of probation on 1962 charges of crime was revoked and who was sentenced to prison therefor by a judge who had recently sentenced the defendant to prison following his conviction on 1966 charges of other crimes at the second trial thereof after his successful appeal to this court from his conviction and sentences at the first trial thereof, which had been immediately followed by a continuation of his probation on the 1962 charges. [468-469]

A trial judge who imposed sentences of twenty-five to thirty years imprisonment on 1966 charges of crimes, from which the defendant appealed to the Appellate Division of the Superior Court, and who then considered without vindictiveness the disposition to be made of 1962 charges of other crimes for which the defendant had been sentenced to a term of probation, under due process principles improperly considered the existence of the defendant's appeal to the Appellate Division, and the judge's sentences of the defendant to prison on the 1962 charges, to be served "from and after" the sentences on the 1966 charges, must be reversed, and the 1962 cases remanded to the Superior Court, any resentencing on the 1962 charges to be conducted according to the "prophylactic procedure" indicated in *North Carolina* v. *Pearce,* 395 U. S. 711. [470-472]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on March 29, 1973.

The case was reserved and reported by *Hennessey*, J.

*William A. Nelson* for the petitioner.

*Bernard Manning*, Assistant Attorney General, for the Commonwealth.

WILKINS, J. By a petition for a writ of error, the petitioner challenges the constitutionality of sentences which were imposed on him to be served from and after a prison term he is now serving. This matter comes to us on a reservation and report by a single justice of this court on the pleadings and a statement of agreed facts. He has also reported to us his decision overruling a demurrer to the petition.

The challenged sentences were imposed in the following circumstances. In August, 1962, the petitioner was charged in four indictments with assault with intent to rape and related offences arising from a single incident. Following intervening circumstances having to do with the petitioner's mental condition, the petitioner pleaded guilty in November, 1964, to each of the four indictments and was sentenced to a three-year term of probation on certain conditions. In 1966 the petitioner was charged with assault with intent to rape and related charges arising from a new incident. The petitioner was tried, found guilty and sentenced to twenty-five to thirty years on one conviction and to a concurrent term of seven to ten years on another. Immediately after the imposition of sentences on the 1966 charges, the judge ordered that the petitioner be continued on probation on the 1962 charges. The petitioner, understandably, did not challenge that determination. He did, however, successfully appeal his convictions on the 1966 charges. See *Commonwealth* v. *McHoul*, 352 Mass. 544 (1967).

The petitioner was then tried again on the 1966 charges before a different judge and a jury. He was again found guilty and again sentenced to a term of twenty-five to thirty years.[1] In July, 1967, the petitioner was again surrendered on the 1962 charges, as to which he had been continued on probation in 1966. The judge, who was the same judge who

---

[1] The record does not disclose what disposition was made of the 1966 charge for which the petitioner received a shorter, concurrent sentence in 1966.

presided at the petitioner's second trial on the 1966 charges, imposed certain sentences on the 1962 charges to be served concurrently but "from and after the 25-30 year sentence on the 1966 charges."[2]

The judge's reasons for imposing the sentences to be served subsequent to the twenty-five to thirty year term on the 1966 charges appear from the colloquy between the judge and counsel then representing the petitioner. The judge noted that the petitioner had appealed his recent sentence to the Appellate Division of the Superior Court (see G. L. c. 278, §§ 28A-28D) and that his sentence on the 1966 charges might, therefore, be reduced. He declined to defer action on the probation surrender hearing until that appeal was disposed of. He believed that the 1962 offences were serious and that the 1966 offences were also serious. He believed that the 1962 offences deserved sentences which should not be concurrent with the sentences on the 1966 offences. He declined to be bound by what another judge had done concerning probation on the 1962 charges. In short, on what may be substantially the same salient facts, the second judge revoked probation and imposed sentences of significance to the petitioner, whereas the first judge had not.[3]

The petitioner contends that because the circumstances before the second judge who considered the revocation of probation on the 1962 charges were no different from those before the first judge, the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and the Due Process Clause of the Fourteenth Amendment make invalid and void the sentence to be served from and after the twenty-five to thirty year sentence imposed on the 1966 charges. He further contends, relying on *North Caro-*

---

[2] On one 1962 indictment the sentence was to a term of ten to fifteen years, and on two others the sentences were to terms of seven to ten years.

[3] We recognize that the evidence at the second trial on the 1966 offences may have cast the petitioner's conduct in a different and less favorable light from what appeared at the first trial. Moreover, the record does not disclose what differences there may have been in information concerning the petitioner which was in each sentencing judge's possession.

*lina* v. *Pearce*, 395 U. S. 711 (1969), that the imposition of sentences on the 1962 charges denied him due process of law by imposing an impermissible burden on his right of appellate review.

In addition to meeting these contentions of the petitioner, the Commonwealth argues that a writ of error is not a proper avenue by which to seek redress of the grievances articulated by the petitioner. This procedural argument was raised by the Commonwealth's demurrer which was overruled by the single justice. It is to this procedural point that we first turn.

1. The Commonwealth's demurrer, which stated that "[t]he petition fails to state a claim upon which the writ of error may issue," was rightly overruled. A petition for a writ of error is appropriate to raise a constitutional challenge to the imposition of a criminal sentence. *Kuklis* v. *Commonwealth*, 361 Mass. 302 (1972). *Gallinaro* v. *Commonwealth*, 362 Mass. 728 (1973). While it is true that the petitioner could have raised these issues by seeking normal appellate review of the action of the second judge, constitutional principles on which the petitioner relies have been refined since the challenged sentence was imposed in 1967. See, e.g., *North Carolina* v. *Pearce*, *supra*, decided in 1969.

In its discretion, this court may deal with these issues on a writ of error. To the extent that the reservation and report by the single justice constitutes an exercise of his discretion to accept the petition for consideration on the merits, we would not reverse that decision as an abuse of discretion. In any event, in our discretion, we think the court should consider the constitutional challenges raised by this petition. Unlike the situation in *Earl* v. *Commonwealth*, 356 Mass. 181, 183 (1969), there are no underlying, unresolved, factual disputes which, if they existed, preferably should be resolved by a trial judge.

2. There was no violation of the Double Jeopardy Clause by the imposition of a sentence of commitment on the 1962 charges. Without deciding the extent, if any, to which double jeopardy principles may apply in the revocation of

probation, we believe that when the petitioner appealed from his first conviction on the 1966 charges he opened up for future consideration, if successful on that appeal, not only the possibility of receiving a greater sentence following a retrial on the 1966 charges but also reconsideration of the probation order on the 1962 charges. Surely if the petitioner had been found not guilty in the second trial on the 1966 charges, no double jeopardy concept would have barred timely reconsideration of probation on the 1962 charges. See *United States ex rel. Ferrari* v. *Henderson*, 474 F. 2d 510, 513 (2d Cir. 1973), cert. den. 414 U. S. 843 (1973). We accept the petitioner's argument that the Double Jeopardy Clause forbids an increase in a proper and unchallenged sentence because of a valid challenge to the excessiveness of another criminal sentence. See *Chandler* v. *United States*, 468 F. 2d 834 (5th Cir. 1972), citing cases in other Federal Circuit Courts to the same effect. Thus if the first judge had revoked probation and had imposed a prison sentence on the 1962 charges, the second judge could not have increased that sentence.

We recognize that a sentence of probation, even unaccompanied by a suspended sentence, has "finality" in the sense that an appeal may be taken from the imposition of probation. *Commonwealth* v. *Reed,* 364 Mass. 545, 546-547 (1974). We do not, however, view the decision to continue the petitioner on probation as foreclosing, on double jeopardy grounds, reconsideration of the question whether the petitioner should be continued on probation. A sentence of probation by its nature lacks an element of finality. There is an aspect of continuing, not double, jeopardy. Compare *A Juvenile, petitioner,* 364 Mass. 531, 541-542 (1974). In short, no double jeopardy issue is involved here. The petitioner's successful appeal wiped the slate clean.

3. Due process of law principles are applicable to probation revocation proceedings. See *Gagnon* v. *Scarpelli*, 411 U. S. 778, 781-782 (1973), relying on *Morrissey* v. *Brewer*, 408 U. S. 471 (1972) concerning due process in parole revocation proceedings. Although the continuation of pro-

bation is a matter of discretion, probation may not be revoked arbitrarily or without a reason. See *Williams* v. *Commonwealth*, 350 Mass. 732, 737 (1966); *Burns* v. *United States*, 287 U. S. 216, 222-223 (1932). Cf. *Baxter* v. *Commonwealth*, 359 Mass. 175 (1971) (parole). For example, due process would bar the Commonwealth from going from judge to judge seeking on the same facts one who would revoke probation. See *Gomes* v. *Gaughan*, 471 F. 2d 794, 797 (1st Cir. 1973). On this record, however, there is no indication that such a situation exists. See fn. 3 above. This leaves then the petitioner's argument based on the due process considerations underlying *North Carolina* v. *Pearce*, 395 U. S. 711 (1969).

The imposition of a longer sentence than originally imposed, following a successful appeal and conviction at a second trial, constitutes an improper penalty on a criminal defendant for pursuing his right of appeal, if that second sentence is the product of vindictiveness. *North Carolina* v. *Pearce*, *supra*. The *Pearce* case indicates that the right to appeal should not be chilled by a fear that in any subsequent sentencing the defendant will be penalized for pursuing that appeal. The *Pearce* case sets forth a "prophylactic procedure" under which a judge who, subsequent to successful appeal, sentences a defendant to a greater sentence than originally imposed must set forth findings and the reasons for his action. Compliance with that procedure was not, however, required here because the "prophylactic procedure" of the *Pearce* case is not applicable to resentencing procedures which antedated the *Pearce* decision. *Michigan* v. *Payne*, 412 U. S. 47 (1973).[4]

---

[4] Before the decision in *North Carolina* v. *Pearce*, 395 U. S. 711 (1969), one Federal Court held that additional testimony at the second trial could not be the basis for an increased sentence but that other subsequent events might be. See *Marano* v. *United States*, 374 F. 2d 583 (1st Cir. 1967). In *Michigan* v. *Payne*, *supra*, the court did not have to decide whether certain reasons advanced in support of a second sentence met the *Pearce* case requirement that any new, higher sentence must be based on conduct of the defendant occurring after the time of the original sentencing proceeding. See *Michigan* v. *Payne*, *supra*, at 48, fn. 1. Because the "prophylactic procedure" of the *Pearce* case is not to be applied to sentences imposed prior to the date of that decision (*Michigan* v. *Payne*, *supra*), the petitioner must show affirmatively on this record that he was denied

We believe that the due process considerations underlying the *Pearce* case, which bar "retaliatory" resentencing, apply to the process of resentencing on the 1962 charges, as well as to the process of resentencing on the 1966 charges. There should be no "vindictiveness" in the sense of the *Pearce* case in any sentencing which follows a successful appeal. Thus the fact that the 1962 charges were separate matters cannot prevent the circumstances surrounding sentencing on those charges from being tested by the same constitutional principles.

The reasons given by the second judge for revoking probation and imposing a sentence on the 1962 charges disclose no attempt to penalize the petitioner for appealing his conviction on the 1966 charges. Thus in the revocation of probation and in the imposition of prison sentences on the 1962 charges there was no vindictiveness caused by the petitioner's appeal of his convictions on the 1966 charges.

Although the second judge did not consider the fact of the earlier appeal on the 1966 charges, he did consider the fact that the petitioner had challenged the length of his second sentence on the 1966 charges by appealing to the Appellate Division of the Superior Court. This was a sentence which the second judge had himself imposed. The judge gave some weight, how much we do not know, to the possibility that the petitioner's twenty-five to thirty year sentence might be reduced. Thus to some degree the petitioner may have been penalized at least in the length of the terms to which he was sentenced because he had appealed the twenty-five to thirty year sentence imposed by the second judge.[5] We believe that a reasonable application of the due process principles of the *Pearce* case makes it improper to

due process of law in the circumstances which led to the revocation of his probation and to imposition of prison sentences on the 1962 charges.

[5] The review of such a sentence by the Appellate Division of the Superior Court resulting in a longer sentence would in and of itself involve no "retaliatory" sentencing. *Walsh* v. *Commonwealth,* 358 Mass. 193 (1970). See *Walsh* v. *Picard.* 446 F. 2d 1209, 1211 (1st Cir. 1971). Statistics cited in the *Walsh* opinion (see p. 199. fn. 4) show that historically a reduction in sentence occurs in almost ten per cent of the appeals to the Appellate Division of the Superior Court.

consider the existence of an appeal in sentencing a criminal defendant, even where that appeal deals only with the term of a sentence. We believe that in sentencing the petitioner on the 1962 charges, the judge either should have awaited the conclusion of that appeal or should have disregarded that appeal by assuming that the twenty-five to thirty year term imposed on the petitioner would not be altered on appeal.

From what we have said the sentences on the 1962 charges may have been based on an improper consideration. We believe that the 1962 cases should be remanded to the Superior Court for further proceedings in light of this opinion. See *Giles* v. *Commonwealth*, 339 Mass. 410, 415 (1959). Any further proceedings with respect to sentencing on the 1962 charges should be conducted pursuant to the "prophylactic procedure" of *North Carolina* v. *Pearce*, 395 U. S. 711 (1969).

> *Judgments of sentences on the*
> *1962 indictments reversed.*
>
> *Cases remanded to the Superior*
> *Court for further proceedings.*