COMMONWEALTH *vs.* WILFRED M. COX (and a companion case[1]). Janu-
ary 10, 1979. The defendants were tried by a jury and convicted in the
Superior Court of armed assault with intent to murder and three
related crimes. The defendants claim error in the denial of their mo-
tions to suppress separate, one to one identifications of them by the
victim while the latter was in the intensive care unit of a hospital,
having been wounded in the assault, and in the judge's failure to
suppress subsequent in-court identifications of the defendants at trial.
Prior to the hospital identifications the victim had made photographic
identifications of each defendant in circumstances which the defend-
ants concede were free of suggestion and which led to their arrest. An
identification must be suppressed if, in the totality of the circum-
stances, it was so unnecessarily suggestive as to give rise to the likeli-
hood of irreparable misidentification. *United States ex rel. Kirby* v.
*Sturges*, 510 F.2d 397, 402 (7th Cir.), cert. denied, 421 U.S. 1016 (1975).
*Manson* v. *Brathwaite*, 432 U.S. 98, 110-114 (1977). While one to one
confrontations are inherently suggestive, the hospital confrontations
in this case were not unnecessarily so; see *Commonwealth* v. *Barnett*,
371 Mass. 87, 91-94 (1976), cert. denied, 429 U.S. 1049 (1977); and there
was no evidence of gratuitous impropriety on the part of the police.
*United States ex rel. Kirby* v. *Sturges, supra* at 403-404. We note that
Griffin was accompanied by counsel when identified by the victim in
the hospital and that Cox insisted on confronting his accuser in the
hospital having declined an opportunity afforded him by the police
first to obtain counsel. See *Commownealth* v. *Alicea*, 376 Mass. 506,
509, 515 (1978). The evidence warranted the judge's findings that a
lineup at the time of the hospital confrontation was not feasible. See
*Commonwealth* v. *Murphy*, 362 Mass. 542, 547 (1972); *Commonwealth*
v. *Lifsey*, 2 Mass. App. Ct. 835 (1974). The victim's life was in danger
when he identified Griffin in the hospital thirty hours after having

---

[1] Commonwealth *vs.* Edward F. Griffin.

been shot; and he was still in the intensive care unit when he identified Cox four or five days after the shooting. In the circumstances, "an immediate hospital confrontation was imperative." *Stovall* v. *Denno*, 388 U.S. 293, 302 (1967). *Trask* v. *Robbins*, 421 F.2d 773, 775-776 (1st Cir. 1970). Moreover, where, as here, there had been prior unsuggestive photographic identifications, in-person identifications are appropriate particularly where a witness's initial observation of the defendants was made under less than ideal circumstances. See *Commonwealth* v. *Chase*, 372 Mass. 736, 742 (1977). The judge was not remiss in declining to make findings on the reliability of the victim's out-of-court identifications of the defendants. Cf. *Manson* v. *Brathwaite*, *supra* at 114-116; *Commonwealth* v. *Gordon*, *ante* 230, 235-236 (1978). And since the judge warrantably found that the pretrial identification procedures were not constitutionally invalid, it became unnecessary for him to consider whether the in-court identifications would be based upon the victim's observations of the defendants independent of the challenged pretrial procedures. *Commonwealth* v. *Mobley*, 369 Mass. 892, 896-897 (1976). *Commonwealth* v. *Chase*, *supra* at 745.

*Judgments affirmed.*

*William P. Homans, Jr.*, for Wilfred M. Cox.
*Carol Gibson Smith* for Edward F. Griffin.
*William L. Pardee*, Assistant District Attorney, for the Commonwealth.