COMMONWEALTH vs. WALTER J. SMITH, JR.

Middlesex.    June 15, 1979. — July 19, 1979.

Present: KEVILLE, ARMSTRONG, & DREBEN, JJ.

*Jury and Jurors. Waiver. Practice, Criminal*, Assistance of counsel.

There was no support in the record of a criminal case for the defend-
ant's contention that his oral waiver of his right to a twelve-mem-
ber jury was without a legally sufficient understanding of the waiv-
er process or its consequences or that the late filing of a written
waiver affected its validity under G. L. c. 234, § 26A. [144-145]
There was no merit to a defendant's contention that he was denied
effective assistance of counsel by reason of his attorney's alleged
failure to make certain objections and to examine properly a key
witness, nor by reason of his failure to move to suppress the victim's
identifications of the defendant and for a mistrial where his attor-
ney acted with reasonable judgment in the circumstances. [145-146]

INDICTMENT found and returned in the Superior Court
on January 11, 1977.

The case was tried before *Morse, J.*

*Robert A. Stanziani* for the defendant.

*Susan C. Mormino*, Assistant District Attorney (*Pame-
la L. Hunt*, Legal Assistant to the District Attorney, with
her) for the Commonwealth.

KEVILLE, J. The defendant appeals after convictions on
two counts of forcible or unnatural intercourse with a
child under sixteen in violation of G. L. c. 265, § 22A.
After the first day of the four-day trial at which the vic-
tim had been examined and cross-examined extensively,
the forewoman of the jury asked the judge to be excused
because "the nature of the case [was] such that [she was]
unable to fairly and impartially decide the case." Upon
being questioned by the judge, she stated that she had not
disclosed her views to any other juror but had come "im-

mediately" to the judge. Counsel then consulted with the defendant on whether he wished to continue the trial with the remaining eleven jurors or to be tried anew, there being no alternate juror available to replace the forewoman. The judge personally questioned the defendant in order to establish his awareness of his right to a jury of twelve and his willingness to proceed with the remaining eleven jurors. In addition, the judge questioned the defendant on his ability to understand and whether he wished more time to consult with his attorney. The defendant responded that he was willing to proceed with a jury of eleven. The forewoman was excused and dismissed from the venire to insure her isolation from the remaining jurors. The trial then proceeded into its second day. The record indicates that on the fourth day of trial a signed written waiver of his right to a twelve-member jury was filed with the clerk.

1. The defendant argues that his waiver was "without a legally sufficient understanding of the waiver process or its consequences," a contention which we find groundless on the basis of the record. There is no indication in the colloquy among the judge, the defendant and defense counsel that the defendant's decision to proceed with a jury of eleven was made other than voluntarily, free from compulsion and with a thorough understanding of the right which he was relinquishing. It appears that his oral waiver was knowingly and intelligently exercised. Contrast *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 52-54 (1976); *Patton* v. *United States*, 281 U.S. 276, 312 (1930). The defendant's allegations on appeal that he was confused and inadequately informed are belied not only by a sensible reading of the transcript but also by his written waiver which he signed and which was filed with the clerk. Compare *Cardran* v. *Commonwealth*, 356 Mass. 351, 353 (1969); *United States* v. *Stolarz*, 550 F.2d 488, 493 (9th Cir.), cert. denied, 434 U.S. 851 (1977). No objection was voiced below and no argument has been made on appeal that the late filing of the written waiver in some

way affected its validity under G. L. c. 234, § 26A. Contrast *Gallo* v. *Commonwealth*, 343 Mass. 397, 402 (1961), *S.C.* 344 Mass. 453 (1962). Even if there were error in the delay, it was, at most, harmless. See *Pool* v. *United States*, 344 F.2d 943, 944-945 (9th Cir.), cert. denied, 382 U.S. 832 (1965).

2. We find meritless the defendant's claim that he was denied his constitutional right to effective assistance of counsel.

(a) Appellate counsel asserts that the "transcript is rife with [trial] counsel's failure to make appropriate objections," yet the defendant's brief fails to point to a single instance in the transcript in support of that assertion. It appears that trial counsel's failure to raise more issues below was due not to "poor trial tactics" but because the issues which might have been raised would have been frivolous. See *Commonwealth* v. *Storey*, 378 Mass. 312, 320 (1979); see also *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 & n.10 (1977).

(b) The defendant contends further that trial counsel failed to examine properly a "key" witness, the victim's brother. However, at a conference prior to closing argument trial counsel clearly revealed that his decision to "drop" the questioning of that witness was purposeful. We cannot say that that tactic was unreasonable. See *Commonwealth* v. *Williams*, 378 Mass. 217, 239 (1979). The record makes it apparent that the witness had little or nothing to contribute to the defendant's cause, particularly in light of the defendant's principal reliance upon alibi evidence.

(c) We conclude that the defendant's remaining claims of "errors of omission," *id.*, at 239, by trial counsel did not deny him the effective assistance of counsel and that his attorney acted with reasonable judgment in the circumstances. See *Commonwealth* v. *Adams*, 374 Mass. 722, 728-729 (1978). As indicated in part 1 of the opinion, defense counsel strove assiduously to make certain that the defendant acted voluntarily and competently in waiving his right to a jury of twelve.

Contrary to the defendant's claim, neither the victim's one-to-one identification of the defendant, resulting from a chance encounter shortly after the assault upon her, nor the photographic identification made by her several hours later was tainted by unnecessary suggestiveness. *Commonwealth* v. *Leaster*, 362 Mass. 407, 410-411 (1972). *Commonwealth* v. *Alicea*, 376 Mass. 506, 514-515 (1978). *Commonwealth* v. *Cox*, 6 Mass. App. Ct. 968 (1979). *Commonwealth* v. *Cincotta*, 6 Mass. App. Ct. 812, 817-818 (1979). See *Commonwealth* v. *Storey, supra* at 317-318.

Finally, a motion for a mistrial on the ground that the juror who was excused had infected the other jurors with her views would have been without support because she had not communicated her views to anyone prior to her disclosure to the judge and had been excused from rejoining the venire thereafter. The defendant's speculative argument on appeal that somehow the forewoman's misgivings had been communicated to other members of the jury finds no support in the record. The judge obviously believed that she spoke the truth (*Commonwealth* v. *Franklin*, 376 Mass. 885, 897-898 [1978]) when she stated in response to his question that she had not discussed her attitude with the others but had come directly to him.

Our review of counsel's over-all direction of his client's defense leads us to the conclusion that his conduct did not fall "measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Compare *Commonwealth* v. *Rondeau*, 378 Mass. 408, 412 (1979).

*Judgment affirmed.*